# State of Vermont v. William G. Orvis

[465 A.2d 1361]

No. 82-498

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*William E. Kraham,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*O'Connor & Morse,* Brattleboro, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a conviction, after trial by jury, for driving while there was .10 percent or more by weight of alcohol in his blood, in violation of 23 V.S.A. § 1201(a)(1). He claims that the trial court erred in allowing the admission of the results of an alcohol breath test and refusing to give a requested jury instruction. He further claims that the court erred in denying his motion for a directed verdict of acquittal. We disagree with defendant's arguments and affirm.

The circumstances surrounding defendant's arrest and subsequent conviction are not disputed. Essentially, defendant was involved in an automobile accident with another vehicle in a grocery store parking lot at 3:00 a.m. on May 29, 1982. He admitted to the investigating officer that he had consumed approximately six beers since the early afternoon; his breath had a faint odor of alcohol, and he was emotional and clearly very upset about the damage to his car. However, defendant was cooperative with the investigating officers and appeared to be in control of his faculties. No field dexterity tests were administered to defendant, but he was given an alco-sensor test. On the basis of that preliminary test, defendant was detained for further processing. A breath sample was then administered, and the gas chromatograph analysis revealed blood alcohol content of .16 percent.

The focus of defendant's argument is that the officer did not have "reasonable grounds to believe" that he was intoxicated, as required by 23 V.S.A. § 1202(a), because he acted normally and appeared in control of his faculties. Thus, defendant claims that the officer was without authority to administer the more sophisticated gas chromatograph test which led to defendant's

conviction. See *id.* In other words, defendant contends that the results of tests with the preliminary breath alcohol screening device, pursuant to § 1202(b), absent external manifestations of intoxication, may not alone provide an officer with reasonable grounds to employ more sophisticated and reliable testing. However, for reasons which appear below, we decline to so hold.

First, viewing the evidence in the light most favorable to the State as the prevailing party below, we note that the mild odor of alcohol, defendant's excited state and his admission of alcohol consumption, in conjunction with the fact of the 3:00 a.m. automobile accident and admitted operation, would appear to provide reasonable grounds for further inquiry by a law enforcement officer.

Second and more important, however, defendant's reasoning ignores the express statutory language and the clear intent of the legislature. 23 V.S.A. § 1202(a) creates a quid pro quo between the licensed driver and the state: in exchange for the privilege of driving in Vermont, the operator "is deemed to have given his consent" to provide samples of his breath to determine the alcohol content of his blood. This implied consent does not, however, leave the motorist stripped of procedural safeguards. Section 1202(c), for example, provides several protections not here in issue. Nevertheless, § 1202(a) allows the taking of a breath sample whenever an officer "has reasonable grounds to believe that the person was operating, attempting to operate or was in actual physical control of any vehicle while under the influence of intoxicating liquor." Moreover, § 1202(b) expressly provides that the "preliminary breath alcohol screening device [may be used] to determine whether further and more accurate testing is appropriate."

Defendant points to our holding in *State* v. *Rollins*, 141 Vt. 105, 110, 444 A.2d 884, 887 (1982), that evidence of insobriety at the time of arrest has probative value, and argues in his brief that the "reverse" is also true: "if there is evidence to find reasonable grounds for sobriety, the test should not be given and, if given, the results are not admissible." We fail to see how such a contention is the "reverse" of the *Rollins* rule, and we decline to wrench such a holding, by implication or otherwise, from *Rollins*. Further, to so hold would invade the legislature's domain by creating an entirely new and unprec-

edented protection in an area where the operator's rights are creatures of statute. Cf. *State* v. *Brean*, 136 Vt. 147, 151–52, 385 A.2d 1085, 1088 (1978) (holding that the right to refuse to take test is purely statutory). We therefore refuse the invitation to read defendant's amendatory interpretation into the statutory scheme.

■ Although not without some force, the assertion that the legislature itself has determined the preliminary device to be so inaccurate as to be per se inadmissible, *id.*, is of no avail. The inadmissibility of preliminary test results at trial does not deprive them of all utility, but merely reflects a determination that more sensitive measurements are easily available and therefore should be used.

■■ We view the alco-sensor as a quick and minimally intrusive investigative tool which performs a valuable function as a screening device. Cf. *McGarry* v. *Costello*, 128 Vt. 234, 240, 260 A.2d 402, 405 (1969) (legislature encourages the use of chemical analysis in DUI investigations). Moreover, while it is beyond dispute that external manifestations of intoxication are relevant and may be introduced at trial, *State* v. *Rollins, supra,* 141 Vt. at 108–10, 444 A.2d at 886–87, this Court has never held that they are essential to a successful prosecution under 23 V.S.A. § 1201(a)(1). To so hold would be to reward the experienced drinker who consumes excessive amounts of intoxicants without obvious physical impairment. We note that defendant here informed the officer that he had done a lot of drinking and could "pack it away" without visible effects. We therefore hold that results of a preliminary breath alcohol screening test which indicate impairment, although inadmissible as evidence, may alone provide the reasonable grounds to believe a person is under the influence of intoxicating liquor required by 23 V.S.A. § 1202(a).

■■ Defendant's two other claimed errors fall with our rejection of his first challenge. After the jury was charged, defendant requested an additional instruction asking the jury to decide whether the officer had reasonable grounds to request a breath test. We have held above that reasonable grounds for further investigation existed as a matter of law. In any event, questions of the admissibility of evidence, here the breath test

results which are defendant's ultimate target, are determined by the court. See V.R.E. 104. The belatedly proposed instruction was properly refused.

 Finally, defendant submits that the court erred in denying his motion for a directed verdict of acquittal. Viewing the evidence in the light most favorable to the State, in order to determine its sufficiency to convince a reasonable trier of fact of defendant's guilt beyond a reasonable doubt, *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981), we affirm the trial court. Defendant's admission that he operated the vehicle at the time of the parking lot accident, the fact that he was found seated behind the steering wheel with the motor running, see *State* v. *Godfrey*, 137 Vt. 159, 400 A.2d 1026 (1979), and the .16 reading on the gas chromatograph test, are together sufficient to withstand a motion for judgment of acquittal. In that defendant provides no support for his assertion to the contrary, we reject it.

*Judgment affirmed.*