## State of Vermont v. Reginald E. Hull

[465 A.2d 1371]

No. 82-344

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*Shelley A. Hill*, Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Catherine W. Scott* of *Johnson and Dunne*, Norwich, for Defendant-Appellant.

**Billings, C.J.** This is an appeal by defendant from a conviction of driving while under the influence [DUI]. 23 V.S.A. § 1201(a)(2).

Defendant was involved in a one-truck accident. The state police officer who arrived at the scene administered an alco-sensor breath test, which measured defendant's blood alcohol at .12 percent. As a result, he was then taken to the police barracks and given a gas chromatograph breath test, otherwise known as a crimper test, which showed a reading of .20 percent blood alcohol. Prior to trial, the State brought a motion in limine requesting that any evidence relating to the alco-sensor test be excluded, and the trial court granted the motion over defendant's objection. The only issue on appeal is whether it was error to grant the motion in limine and exclude all testimony relating to the results of the alco-sensor test.

The defendant claims: (1) that he had a right to use the test results in order to impeach the testimony of the state chemist regarding the results of the crimper test; (2) that since the statutory prohibition against using the alco-sensor test results, found in 23 V.S.A. § 1202(b), is designed solely for the protection of the defendant, he alone may be permitted to waive it; and (3) failure to allow evidence of alco-sensor test results prevented him from presenting a full and fair defense to the charge.

 23 V.S.A. § 1202(b) reads as follows:

A law enforcement officer may test an individual with a preliminary breath alcohol screening device one or more times in order to determine whether further and more accurate testing is appropriate. The results of the breath alcohol screening test shall not be introduced as evidence and a sample of this breath test need not be retained or delivered to the defendant. Notwithstanding the provisions of subsection (c) of this section, the individual shall not have the right to consult an attorney prior to submitting to this preliminary breath alcohol screening test.

Where the meaning of a statute is plain, there is no necessity for construction and the court is required to enforce the statute according to its express terms. *State* v. *Baldwin*, 140 Vt. 501, 509–10, 438 A.2d 1135, 1139 (1981). Moreover, there is a presumption that the ordinary meaning of the statutory language was intended by the legislature. *Id.; Donoghue* v. *Smith*, 119 Vt. 259, 263, 126 A.2d 92, 96 (1956).

■■ Here the statute explicitly states that the preliminary test is a screening device only, to be used to aid an officer in determining whether further and more accurate testing is appropriate. The statutory language makes clear that neither the State nor defendant can introduce the results in evidence; instead, only the "more accurate" breath test results are admissible. Thus, having made a determination of the preliminary test's reliability, see McCormick's Evidence § 209, at 511 (2d ed. 1972), the legislature chose to limit its use to that of a screening device only, and provided that its results are inadmissible as substantive evidence of intoxication. Cf. *State* v. *Orvis*, 143 Vt. 388, 465 A.2d 1361 (1983) (test may provide the "reasonable grounds" necessary to proceed with more accurate testing). Nor do we find such a rule unfair to defendant. Contrary to his unsupported assertion, there is nothing in the language of § 1202(b) to indicate that the prohibition against introduction of alco-sensor results is a waivable right and, given the clear statutory prohibition, we decline to so hold. The trial court was without error in granting the State's motion in limine.

*Affirmed.*