## State of Vermont v. Lynn LeBeau

[476 A.2d 128]

No. 82-472

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 6, 1984

316

*Richard G. English,* Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*James H. Ouimette,* Vergennes, for Defendant-Appellant.

**Billings, C.J.** Defendant-appellant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2) and for operating a motor vehicle while her blood contained .10 percent or more by weight of alcohol in violation of 23 V.S.A. § 1201(a)(1). After trial by jury defendant was found not guilty of operating a motor vehicle with blood alcohol content in excess of .10 percent and guilty of operating while under the influence.

On appeal defendant claims that the trial court erred as follows: (1) in denying her motion for judgment of acquittal; (2) in allowing the state trooper to give his opinion as to whether defendant was under the influence; (3) in denying defendant's motion for new trial on the ground that the verdict was against the weight of the evidence; and (4) in denying defendant's motion to suppress the evidence in connection with the breath alcohol test because it was taken without probable cause.

       The defendant's motion for judgment of acquittal is founded on her contention that the officer did not have reason-

318

able grounds to believe that she was under the influence as required by 23 V.S.A. § 1202(a) because she acted normally, was cooperative, and appeared in control of her faculties. In ruling on a motion for judgment of acquittal, the standard is whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State* v. *Lupien*, 143 Vt. 378, 466 A.2d 1172 (1983). A person is considered to be under the influence of intoxicating liquor when he or she has lost full control over the faculties of mind and body; the measure of that loss is immaterial. *State* v. *Carmody*, 140 Vt. 631, 638, 442 A.2d 1292, 1295 (1982).

■ The evidence shows that the defendant operated slightly left to the center left of the highway, and failed to stop at the "CRASH" road block despite a signal to the contrary. Also, although the defendant cooperated during the processing and the officer observed that her speech was normal, her balance steady, her walking and turning sure and her coordination good, the defendant did have a detectable odor of alcohol on her breath, and her eyes were glazed. In addition, during the processing, she was emotional and mumbled an obscenity at the police officer. The alco-sensor test revealed an excess of .10 percent of alcohol in her blood. Viewing the evidence in the light most favorable to the State and ignoring modifying and contradictory evidence, *State* v. *Willette*, 142 Vt. 78, 79, 451 A.2d 821, 821 (1982), the evidence disclosed some loss of control over her mind and body. The trial court did not err in denying the motion for judgment of acquittal.

■ Over the defendant's objection, the trial court allowed the state police officer to testify as to his opinion that the defendant was under the influence of intoxicants. Such opinion evidence is admissible if a sufficient foundation has been shown. *State* v. *Veilleux*, 140 Vt. 517, 521, 439 A.2d 277, 279 (1981); *State* v. *Norton*, 134 Vt. 100, 103, 353 A.2d 324, 325 (1976). Here the officer testified that his opinion was based on the odor of alcohol and defendant's emotional state. There was no error in allowing the opinion of the officer to be admitted into evidence.

██ A motion for new trial based on the insufficiency of the evidence is solely within the discretion of the trial court, *State* v. *Eaton*, 134 Vt. 205, 206, 356 A.2d 504, 505 (1976), and absent a showing that there was an abuse of discretion or that the court's discretion was withheld, this Court will not overturn the trial court's decision. *State* v. *Carter*, 142 Vt. 588, 592, 458 A.2d 1112, 1115 (1983) ; *State* v. *Polidor*, 130 Vt. 34, 39, 285 A.2d 770, 773 (1971). In this case the trial court reviewed all of the evidence and denied both the motion for judgment of acquittal and the motion for new trial on the same grounds; the trial court's ruling was clearly within its discretion and without error.

██ The trial court denied defendant's motion to suppress the breath alcohol test, ruling that the officer had reasonable grounds to request the test. The results of a preliminary breath alco-sensor screen test indicating impairment, although inadmissible as evidence, may provide a reasonable ground to believe that a person is under the influence of intoxicating liquor. *State* v. *Orvis*, 143 Vt. 388, 465 A.2d 1361 (1983). In addition, pursuant to 23 V.S.A. § 1202(b), the results may be used to determine whether more accurate testing is appropriate. The officer was reasonable in requesting a breath test, and the court was without error in denying the motion to suppress.

*Affirmed.*