William M. Boyd was convicted in the municipal court of the City of Montgomery of driving under the influence of alcohol and with improper lane usage. He appealed his conviction to the circuit court where a jury found him guilty as charged. He was sentenced to sixty days' imprisonment in the city jail and fined $1,000. Seven issues are raised on appeal.
 I
The defendant argues that the evidence was insufficient to sustain the jury's verdict.
The City's only witness, Montgomery Police Corporal J.R. Taylor, testified that, at approximately 7:30 on the evening of the 19th of February, 1984, he observed the defendant on Wares Ferry Road traveling west approaching Twain Curve. The defendant was "weaving in the road * * * He had run across the yellow line and back across the other side of the road and run off the pavement himself and liked to have run off into the ravine or ditch." The officer stopped the defendant who got out of his car and "was kind of wobbling as he walked back to the car." The officer "smelled a strong odor of alcohol on his breath and about his person." The defendant failed "an alcohol sensor test" given at the scene and was placed under arrest for improper lane usage. The defendant was taken to police headquarters and given a GCI test by Corporal Taylor. The defendant registered .13%. Taylor testified that in his opinion the defendant was intoxicated: "It was my opinion that he had had too much to drink in operating a motor vehicle." This opinion was not based on the GCI test but was "just from observing him on the street."
The defendant testified that he had had two and one-quarter beers that afternoon but denied being intoxicated. He admitted that he may have "swerved out" to avoid "potholes" and "low spots" in the road but denied crossing the center line. The defendant's testimony was corroborated by that of Bonnie Jean Abernathy, the defendant's thirteen-year-old cousin, and Manfred Austin, a friend, who were passengers in the car driven by the defendant.
We agree with the defendant that mere proof that the officer smelled alcohol will not sustain a conviction for driving under the influence.
 "It is true, as the defendant argues, that mere proof that he smelled of alcohol will not sustain a conviction for driving under the influence.
 "`Proof of the drinking of intoxicating liquor, or that the defendant's breath smelled of liquor, is not in itself sufficient to show that the defendant was intoxicated or under the influence of intoxicating liquor. However, where the charge is driving while under the influence of intoxicating liquor, it is not necessary that the prosecution show that the defendant was in a drunken stupor. And where there is evidence in the record from which the jury may infer that the defendant drove a motor vehicle upon a public way while intoxicated or under the influence of intoxicating liquor, a conviction will not be disturbed on appeal, even though there is also evidence in the record to the contrary.' 7A Am.Jur.2d, supra, at § 375.
 "Rainey v. State, 31 Ala. App. 66, 67, 12 So.2d 106
(1943) (`The statement that he was "drinking" does not necessarily establish that he was intoxicated.'). Intoxication is not `established by the mere fact that accused drank intoxicating liquor or had an odor of liquor on his breath, in the absence of some proof showing that it produced in him some manifestation of intoxication.' 61A C.J.S. Motor Vehicles § 633 (7) (1970)."
 Hanners v. State, 461 So.2d 43, 45-46 (Ala.Cr.App. 1984) (Bowen, P.J., concurring).
"[W]hen it is shown that the driver of an automobile has been drinking it becomes a question for the jury to say, from all the facts and circumstances, whether or not the driver was under the influence of liquor." *Page 697 Evans v. State, 36 Ala. App. 145, 146, 53 So.2d 764 (1951). See also Hanners, supra; Pace v. City of Montgomery, 455 So.2d 180
(Ala.Cr.App. 1984).
Because there was more than 0.10 percent by weight of alcohol in the defendant's blood, it is presumed that he was under the influence of alcohol. Alabama Code 1975, § 32-5A-194 (b)(3). The reasonableness of the defendant's explanation for the manner in which he was driving was a question for the jury. SeeAshurst v. State, 462 So.2d 999, 1005 (Ala.Cr.App. 1984).
 II
In connection with Issue I, the defendant argues that the results of the "alco-sensor test" were inadmissible because there is "no authority in Alabama that has adopted the alco-sensor as a valid test to impose upon a citizen." Appellant's Brief, p. 18.
The Alco-Sensor is a testing device which "utilizes an electromechanical transducer, fuel cell, to measure the subject's breath alcohol content." R. Erwin, 2 Defense of DrunkDriving Cases § 24.12 (1982).
The results of the Alco-Sensor test should not have been admitted to show that the defendant was intoxicated. See Statev. Albright, 98 Wis.2d 663, 298 N.W.2d 196, 203 (1980) (improper comment by prosecutor); Elam v. State,125 Ga. App. 427, 187 S.E.2d 920, 921-22 (1972) (alcolyser test results improperly admitted without any foundation and constituted incompetent hearsay without probative value).
 "Although these preliminary checking devices for the purpose of determining the presence of alcohol are very helpful to police officers in the performance of their duties, they have no place in the courtroom. Most police officers and prosecutors know that evidence as to the results obtained from such devices is not admissible because the devices are not specific for alcohol nor are they designed to give an accurate quantitative analysis." 2 Drunk Driving
§ 24.20.
The Alco-Sensor test does not determine the "amount of alcohol or controlled substance in a person's blood" and for that reason is not admissible under Alabama's chemical test for intoxication statute. Alabama Code 1975, § 32-5A-194. Even in those states which authorize a preliminary screening test, the test results are not admissible in evidence. State v. LeBeau,144 Vt. 315, 476 A.2d 128, 130 (1984); State v. Orvis, 143 Vt. 388, 465 A.2d 1361, 1362 (1983); State v. Hull, 143 Vt. 353,465 A.2d 1371, 1372 (1983); State v. Smith, 218 Neb. 201,352 N.W.2d 620, 624 (1984). "The inadmissibility of preliminary test results at trial does not deprive them of all utility, but merely reflects a determination that more sensitive measurements are easily available and therefore should be used. * * We view the alco-sensor as a quick and minimally intrusive investigative tool which performs a valuable function as a screening device. . . . We therefore hold that results of a preliminary breath alcohol screening test which indicate impairment, although inadmissible as evidence, may alone provide the reasonable grounds to believe a person is under the influence of intoxicating liquor. . . ." Orvis, 465 A.2d at 1362-63. "[T]he Alco-Sensor is used as an ingredient for probable cause to arrest and require a postarrest test of blood, breath, or urine as authorized [by statute]. As a matter involving probable cause, any aspect of the breath test was a matter of law for judicial determination, not evidence for the jury. . . . The result of the preliminary breath test was irrelevant to prove any aspect of the charge against [the motorist]. Under the circumstances it was error to place before the jury any evidence regarding the result from the Alco-Sensor." Smith, 352 N.W.2d at 624. Although preliminary breath tests are not admissible, "evidence of manual tests given to the defendant at the time of his arrest, such as walking along a straight white line, has been held admissible." 7A Am.Jur.2d Automobiles And Highway Traffic § 375 (1980).
Where the admission into evidence of the results of a Alco-Sensor test constitutes *Page 698 
error, that error has been considered harmless where the results were cumulative and there was overwhelming evidence against the motorist, Smith, 352 N.W.2d at 624, and where the test results were offered not for the purpose of establishing the charge against the motorist but rather to establish justification for placing the motorist under arrest and there was ample evidence to justify the arrest.
Here, Officer Taylor merely testified that he gave the defendant "an alcohol sensor test, which he failed" and that this, when coupled with his observations of the defendant's driving and walking, were the reasons why he arrested the defendant. When this evidence is considered with the fact that there was other evidence that the defendant had been drinking, including the defendant's own admission, the error in the admission of the testimony that the defendant failed the Alco-Sensor test was rendered harmless.
 III
The defendant contends that the giving of the Alco-Sensor field test and the officer's asking "have you been drinking" were "geared to invoke the most incriminating statements" and should not have been given or asked in the absence of theMiranda warnings.
It was defense counsel who, on cross examination of Officer Taylor, injected the defendant's response that he had been drinking. The prosecutor, on direct examination, did not question the officer about what, if any, conversation he had with the defendant.
There was no objection to the officer's testimony at trial and consequently nothing is preserved for review. "An accused cannot by his own voluntary conduct invite error and then seek to profit thereby. It would be a sad commentary upon the vitality of the judicial process if an accused could render it impotent by his own choice." Aldridge v. State, 278 Ala. 470,474, 179 So.2d 51 (1965).
Not only was any potential error waived by the defendant's own admission, but here there was no error. Roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute "custodial interrogation" for purposes of Miranda. Berkemer v. McCarty, ___ U.S. ___,104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).
The Alco-Sensor test was used by Officer Taylor in determining whether he had probable cause to arrest the defendant. The officer was not required to inform the defendant of his Miranda rights before giving the field test. In the usual traffic stop, the policeman who lacks probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain the person briefly in order to investigate his suspicions and "may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." Berkemer, 104 S.Ct. at 3150-3151. A motorist's breath is not protected by the Fifth Amendment privilege against self-incrimination. People v. Pecora, 123 Misc.2d 259,473 N.Y.S.2d 320 (N.Y.Town Ct. 1984). See also Schmerber v.California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966);State v. Badon, 401 So.2d 1178 (La. 1981). "In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of Miranda." South Dakota v.Neville, 459 U.S. 553, 564, n. 15, 103 S.Ct. 916, 923, n. 15,74 L.Ed.2d 748 (1983).
 IV
The defendant contends that the result of the GCI test was inadmissible because the City, in laying a predicate for its admission, failed to prove "the calibration of the machine by the Department of Public Safety." Appellant's Brief, p. 21.
In a prosecution for an offense arising while the motorist was driving under the influence of intoxicating liquor, in *Page 699 
order for a chemical analysis of a person's blood, breath, or urine to be valid and admissible in evidence, a predicate must be laid showing (1) that the motorist was lawfully arrested before being directed to submit to a test, (2) that the law enforcement officer had reasonable grounds to believe that the motorist was driving under the influence, (3) that the test administered was designated by the proper law enforcement agency, Alabama Code 1975, § 32-5-192 (a), (4) that the test was performed "according to methods approved by the state board of health", and (5) "by an individual possessing a valid permit issued by the state board of health for this purpose." Alabama Code 1975, § 32-5A-194 (a)(1). "A party offering results from tests shown to be given in conformity with the statute is relieved of the burden of laying the extensive predicate generally necessary for admission of scientific test results."McGough v. Slaughter, 395 So.2d 972, 975 (Ala. 1981); Moore v.State, 442 So.2d 164, 166 (Ala.Cr.App. 1983).
The defendant argues that the proper predicate was not laid in this case because "Corporal Taylor . . . did not have the records of calibration/maintenance provided by an every thirty-day inspection, nor was he able to testify as to the dates of inspection/certification of the machine's functioning properly within the required time before or after the test on Mr. Boyd." Appellant's Brief, p. 22, emphasis in original.
Officer Taylor testified that he performed the GCI test "in accordance with the rules and regulations of the Department of Health." A copy of the "Rules of State Board of Health Administration Chapter 420-1-1 Chemical Test For Intoxication" was admitted into evidence as part of the City's case in chief. Rule 420-1-1-.01 (3)(a) states, "There shall be a periodic inspection of each breath testing instrument. The inspection shall be conducted at reasonable time intervals set by the State Health Officer through the Technical Director."
On direct examination, Taylor testified that he had "personal knowledge of this GCI machine being periodically inspected by the Department of Public Health." On cross examination, he stated that the machine was "checked once every calendar month" but admitted that he did not have personal knowledge of the exact dates the machine was tested before and after the defendant was tested.
Officer Taylor's testimony supplied the proper predicate for the admission of the GCI test results. See generally Webb v.State, 378 So.2d 756 (Ala.Cr.App.), cert. denied, 378 So.2d 758
(Ala. 1979).
 V
The trial judge properly refused to instruct the jury on §32-5A-191 (a)(1) through (5):
 "§ 32-5A-191. Driving while under influence of alcohol, controlled substances, etc.
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving."
Since it was specifically alleged in the complaint that the defendant did "drive or did have actual control of a motor vehicle while there was 0.10% percent or more by weight of alcohol in his blood, to wit: GCI reading .13%" it was incumbent on the City to prove this particular allegation. *Page 700 
Moreover, this issue has not been preserved for review as there is no written requested charge contained in the record.Ex parte Allen, 414 So.2d 993 (Ala. 1982). Additionally, the record shows that defense counsel "requested the court to give the charge 32.191 (5)." Although it is argued on appeal that "a clerical error is clear," Appellant's Brief, p. 23, this Court is bound by the record. There was no motion to correct the record as provided in A.R.A.P. 10 (f).
 VI
In Issue I, this Court found that the evidence of the defendant's guilt of the offense charged was sufficient to support the conviction. Whether the statutory presumption of intoxication arising from the GCI reading was rebutted by the evidence was a question for the jury. "Evidence as to the results of medical or chemical tests for intoxication is not conclusive or binding upon the jury; the weight to be given such evidence is a matter for the determination of the jury, and the guilt or innocence of the defendant is still a question to be determined on the basis of all the evidence in the case." 7A Am.Jur.2d Automobiles at § 380.
Additionally, this issue was not preserved for review since the record contains no objection challenging the sufficiency of the evidence.
 VII
The defendant was sentenced to sixty days' imprisonment in the city jail and fined $1,000 and $50 court costs. See Alabama Code 1975, § 12-19-150 et seq. Objection to this sentence is raised for the first time on appeal. Upon a first conviction, the defendant could have been imprisoned for not more than one year, or by fine of not less than $250 nor more than $1,000, or by both such fine and imprisonment. Alabama Code 1975, §32-5A-191 (c) (1983). The defendant was sentenced within the statutory range of punishment and we do not deem it excessive.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.