PATTERSON, Judge.
Appellant, Jeffery Luther Trousdale, was convicted by the trial court of driving under the influence of alcohol in violation of § 32-5A-191, Code of Alabama 1975. He was sentenced to sixty days, suspended for one year; fined $350; ordered to attend a D.U.I. school; and ordered to pay $1,600 restitution.
Glenn T. Mann and his wife were traveling on a public road at approximately 7:30 p.m. on November 9, 1985. Two cars were behind Mann as he prepared to execute a left turn onto an unmarked field road. Mann stated that his car’s driving lights were on and the left turn signal was engaged. Prior to Mann’s execution of the turn, a third vehicle, driven by appellant, passed the two cars trailing Mann and collided with the rear quarter of Mann’s vehicle. Following the collision, Mann spoke with appellant, and according to Mann, he could “smell beer” about appellant’s person. In Mann’s opinion, appellant was intoxicated. The police were contacted and State Trooper Phillip Kipp arrived approximately thirty minutes later.
Kipp testified that, in his opinion, appellant was under the influence of alcohol. Kipp stated that this opinion was based on his observation of appellant at the scene. After Kipp formed this opinion, he requested that appellant take “an alco-sensor field sobriety test,” which is a small hand-held device that appellant was required to blow into. Objections to this testimony were overruled by the trial court. Kipp stated that appellant “failed” the alco-sensor test. No other tests were administered to appellant at the scene or at any time thereafter. Kipp allowed appellant to leave the scene with his wife in order to obtain medical assistance. However, appellant did not seek medical treatment. On cross-examination, Kipp stated that, prior to the administration of the alco-sensor test, he determined appellant was intoxicated and administered the test for the sole purpose of gathering additional evidence. Kipp further stated, on cross-examination, that his opinion of appellant’s intoxication was based on “the strong odor of alcoholic beverage on his breath, plus his speech was somewhat slurred....”
Appellant contends that the trial court erred in allowing testimony of his failing the alco-sensor test to be used as evidence of intoxication. In Boyd v. City of Montgomery, 472 So.2d 694, 697 (Ala.Cr.App.1985), we held that “[t]he results of the Aleo-Sensor test should not have been admitted to show that the defendant was intoxicated.” “However, testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred.” Bush v. State, 474 So.2d 168, 171 (Ala.1985). See also Boyd, 472 So.2d at 697-98.
In the instant case, Kipp stated that, in his opinion, appellant was intoxicated. This opinion was formed prior to the alco-sensor test and based on Kipp’s observation of appellant at the scene. A police officer may “give his opinion as to the sobriety vel non of the appellant.” Grimes v. State, 488 So.2d 8, 9 (Ala.Cr.App.1986), and cases cited therein. The justification for allowing a lay opinion of intoxication to go to the jury as evidence of intoxication was fully discussed in Jolly v. State, 395 So.2d 1135, 1143 (Ala.Cr.App.1981). While the facts upon which Kipp based his opinion appear to be sketchy, we believe that the officer’s “opinion,” along with the other evidence of appellant’s intoxication, was sufficient evidence from which the factfinder could infer intoxication. As is stated in G. Lilly, An Introduction to the Law of Evidence, § 29 (1978):
“Thus, when a witness testified that a car ‘passed at high speed’ or that ‘Y looked youthful,’ an objection based upon the opinion rule should fail. The same may be said of the statement ‘X was *1331 drunk,’ although one could argue that it is feasible to dissect this statement into such components as impaired speech, telltale breath, poor physical coordination, and so forth. Often, however, observers do not isolate these separate manifestations; rather they perceive drunkenness as an integrated whole. Even when separate observations can be detailed, the witness’s account may not adequately convey the total impression, and thus his opinion is still helpful.”
We find that the erroneous admission of testimony concerning the alco-sensor test was rendered harmless by the other evidence of intoxication which was properly before the trier of fact.
Appellant’s contention that Kipp violated appellant’s “rights” by marking “refused” on the Uniform Traffic Ticket and Complaint (U.T.T.C) when appellant first declined to take the alco-sensor test is wholly without merit, and not preserved for review.
Additionally, there is nothing in the record to suggest that Kipp “misled” appellant into believing that the same consequences would apply if he refused an alco-sensor test, as would apply if he refused a legally admissible test of intoxication. Had appellant refused to take the alco-sensor test and not thereafter been requested to take a valid intoxication test, then perhaps a different result would be required if the officer then marked “refused” on the U.T. T.C. In this case, however, the “refused” notation was deleted from the U.T.T.C. and no violation of appellant’s “rights” occurred.
The trial court ordered that appellant pay restitution in the amount of $1,600. This order was entered at the end of the sentencing hearing in which appellant and counsel were both present. No objections were made regarding the trial court’s actions. The issue was, therefore, not preserved for our review. Stork v. State, 475 So.2d 622, 623 (Ala.Cr.App.1984), rev’d on other grounds, 475 So.2d 623 (Ala.1985).
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.