TYSON, Judge.
Ronnie Wayne Thrower was charged by indictment with the reckless murder of one Christoper B. Carter by operating a motor vehicle at a high rate of speed and under the influence of alcohol and, thereby, causing the death of the said Christopher B. Carter by striking the vehicle in which the said Christopher B. Carter was a passenger, contrary to the provisions of § 13A-6-2, Code of Alabama 1975, as amended. The appellant appeared at arraignment and entered a plea of not guilty.
The cause then came on for trial from September 28-October 2, 1987 in circuit court. The jury found the appellant “guilty of manslaughter”, a lesser included offense as charged in the indictment. The appellant was then sentenced to a term of 12 years’ imprisonment in the state penitentiary. The appellant then gave notice of appeal.
Since reversible error occurred on the admission of certain evidence at trial, only a succinct statement of facts is herein set forth. This court specifically notes that it makes no findings on the remaining facts nor does it pass judgment thereon in this opinion.
I
The appellant specifically calls this court’s attention to the provisions of § 32-5-192, Code of Alabama 1975 as amended. The indictment had charged a violation of § 13A-6-2, Code of Alabama 1975 as amended.
This cause arose from an automobile accident which occurred on the night of Wednesday, February 11, 1987, when one Leon Smith, a grandfather of the deceased Christoper Carter, picked up the deceased and his brother and was exiting the parking lot of the Church of Christ located at 800 Gunter Avenue in the City of Gunters-ville, Alabama. His vehicle was struck from the rear by an automobile driven by this appellant. The victim died as a result of injuries received in this accident. This court expresses no opinion on the details as to how this accident occurred as this is a matter which will be determined by the trial court through the jury on retrial of this cause.
Following the accident, this appellant was arrested on the night of February 11, 1987, and taken first to the Guntersville Police Department. The appellant was transported by one Officer Maynor to the police headquarters. There was some question about whether or not the appellant was under the influence of alcohol at the time of the accident. The appellant was advised by Officer Maynor of his rights under the law. The appellant made complaint about injuries received in the accident and was taken to the emergency room at the Guntersville hospital, for observation and treatment.
The appellant had declined, both at the Guntersville police station and a second time in the emergency room at the Gun-tersville hospital to allow a sample of his blood to be drawn for blood alcohol testing. This was verified both by Officer Lozo and Officer Maynor, as well as Dr. Dale, who directed one Rebecca Smith, a lab technician at the Guntersville Medical Center, to draw a blood alcohol sample. The appellant had first refused to give it, and told them he did not want it taken, but then Dr. Dale told Ms. Smith to take the blood sam- *1129 pie. The appellant then held out his arm and Ms. Smith put a tourniquet on his arm and drew the blood alcohol sample which is at issue in this cause.
The State does not dispute the fact that the appellant had twice refused to take the blood alcohol test and this issue was properly preserved through objection at trial. The trial court admitted the sample at issue over appellant’s objection. The test reflected a .20% alcohol content in this appellant’s blood. (R. 704-719).
A
This case presents an issue of first impression in the State of Alabama and that is whether or not reversible error occurs when the appellant is forced to submit to a chemical test designated by a law enforcement agency for a sample and examination over his objection and refusal. Moreover, such was here preserved for review through appropriate objection and motion at trial.
The State of Alabama cites to this court the provisions of the Alabama Implied Consent Act, § 32-5-192, Code of Alabama 1975. They argue that, under such and the opinion of the U.S. Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and this court’s opinion in Hill v. State, 366 So.2d 296 (Ala.Crim.App.1978), aff’d 366 So.2d 318 (Ala.1979), the taking of the sample of this appellant’s blood did not violate any of his constitutional rights nor the provisions of Alabama law.
This court does not agree with this position and notes that the State’s reliance on the above authorities is misplaced with reference to the facts of this case.
The appellant argues in brief that this court’s opinion in Boyd v. City of Montgomery, 472 So.2d 694 (Ala.Crim.App.1985) sets forth the required predicate which must be presented before the results of a test may be admitted in evidence under the provisions of the Alabama Implied Consent Act. This is correct. See also Pace v. City of Montgomery, 455 So.2d 180 (Ala.Crim.App.1984).
In the case at bar the State of Alabama attempted to proceed under the provisions of § 32-5-192, Code of Alabama 1975.
Specifically, § 32-5-192(c) states as follows:
“If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in subsection (a) of this section, none shall be given_” (Act. No. 83-620) Acts of Alabama 1983, p. 959.
Without dispute, Rebecca Smith drew the blood sample on direction of Dr. Dale, after being directed by Officer Anthony Mims, who was at the hospital and Officer Lozo, to obtain a blood sample. This constitutes reversible error under the statute in question.
The sanction under Alabama law is if a person refuses upon proper request of a law enforcement officer to submit to a chemical test, then such refusal may be placed in evidence at trial and appropriate action taken by law enforcement agencies with reference to the party’s privilege of driving a motor vehicle upon the public highway. However, the Alabama statute is clear that a law enforcement agency does not have the right, after refusal by the arrested party, to go forward over their refusal and take a blood sample.
This court is of the opinion that the opinion of the Supreme Court of Alabama in Love v. State, 513 So.2d 24 (Ala.1987) in pertinent part is applicable to the facts of this case.
As noted in Love, the appropriate sanction is to place such refusal in evidence and the Director of Public Safety, upon proper certification of such refusal, shall suspend the party’s license to drive. This decision, of course, presupposes a proper legal arrest.
In the case at bar, without dispute, this appellant was properly placed under a lawful arrest and placed first in a patrol car, then taken to police headquarters, then to the Guntersville emergency room, where the blood sample in dispute was drawn. *1130 The appellant, without dispute, under the testimony presented at trial, twice refused to submit to this test.
Because the trial court admitted this blood sample in evidence over the objection of the appellant, all as noted in the record herein, reversible error occurred. This error necessitates a reversal of this cause and a new trial herein.
In view of our holding above, we preter-mit consideration of other assignments of error.
For the reasons herein stated, this cause is due to be and the same is, hereby, reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.