Willie Gene Pitts was convicted of DUI in violation of Ala. Code 1975, § 32-5A-191(a)(2). He was sentenced to 90 days in the city jail, fined $1000, and his driver's license was ordered revoked for a period of three years.
 I
The trial judge erroneously instructed the jury that "[i]t is not for the prosecution to prove that the intoxication or under the influence reached a state where it would or did interfere with the operation of a motor vehicle. The law assumes, without further proof, that when a person is under the influence of intoxicating liquors, that it is dangerous to the public, as well as to the driver, to operate a motor vehicle upon the highways of the state."
In Ex parte Buckner, 549 So.2d 451 (Ala. 1989), the Alabama Supreme Court held that in a prosecution for DUI under Ala. Code 1975, § 32-5A-191(a)(2), "the prosecution's burden is to prove that the defendant was under the influence of alcohol to the extent that it affected his ability to operate his vehicle in a safe manner. * * * We further hold that, for purposes of §32-5A-191(a)(2), the phrase 'under the influence of alcohol' is to be defined as 'having consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.' "
 II
Although we reverse this case on the ground stated in Part I of this opinion, the following rule should be observed in the event of a retrial: "The results of the Alco-Sensor test should not have been admitted to show that the defendant was intoxicated." Boyd v. City of Montgomery, 472 So.2d 694, 697
(Ala.Cr.App. 1985). See also Trousdale v. State,500 So.2d 1329, 1330 (Ala.Cr.App. 1986).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur. *Page 186