BOWEN, Judge.
Billy Hugh Bryant was convicted for driving under the influence of alcohol. His 60-day sentence was suspended and he was ordered to serve two days in jail, was fined $500, and was ordered to attend DUI school. He raises three issues on this appeal from that conviction.
*920 I.
The defendant argues that the UTTC should have been dismissed because it did not specify which portion of Ala.Code 1975, § 32-5A-191, under which he was charged.
The UTTC states that the defendant was charged under § 32-5A-191. In the portion of the UTTC titled “DESCRIPTION OF OFFENSE,” the arresting officer circled the two squares indicating that the defendant drove while 1) “there was .10% or more by weight of alcohol in his blood BAC .11,” and while 2) “under the influence of alcohol.” These portions of the UTTC correspond with subsections (a)(1) and (a)(2) of § 32-5A-191 respectively.
This was proper. A defendant may properly be charged with violating subsections (a)(1) and (a)(2) of § 32-5A-191 in a single UTTC. “Section 32-5A-191(a)(1) and (2) are merely two different methods of proving the same offense—driving under the influence.” Sisson v. State, 528 So.2d 1159, 1162 (Ala.1988). The two subsections are “merely alternative methods of proving the same crime.” Id. “When an offense may be committed by different means or with different intents, such means or intents may be alleged in an indictment in the same count in the alternative.” Ala.Code 1975, § 15-8-50. See McLaughlin v. City of Homewood, 548 So.2d 580 (Ala.Cr.App.1988).
II.
The defendant argues that his motion to dismiss should have been granted because the prosecution failed to prove that he had consumed enough alcohol as to effect his ability to operate a vehicle in a safe manner.
This argument is without merit. In a prosecution for for driving “under the influence . of alcohol” in violation of § 32-5A-191(a)(2), the prosecution must prove that the defendant had “consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.” Ex parte Buckner, 549 So.2d 451, 454 (Ala.1989).
Here, the prosecution presented a prima facie case that the defendant was driving under the influence of alcohol. Gadsden police officer Michael J. Nessler testified that he observed the defendant driving his car and drinking a beer. The officer testified that the defendant’s driving was “erratic. He was having trouble keeping it within the boundaries of the lane that he was in at that time. * * * Again his driving was very erratic.... [H]e almost struck the curb several times. Was having difficulty staying within his lane. * * * He was weaving within the lane and crossing the lane divider—lane divider at times and almost striking the curb.” Officer Nessler also stated that when the defendant exited his car, he “had trouble standing without support. Had to lean up against his car for support as he was standing. And his speech was slurred.”
Gadsden police officer Jeffrey M. Thomas testified that when the defendant made one particular turn “both of his tires ran up on the curb. He almost struck the stop sign.” He also testified that the defendant had “trouble standing still,” and that he could smell alcohol on the defendant.
The prosecution also introduced a video tape of the defendant at the police station. The prosecution did not introduce any evidence of the defendant’s blood-alcohol level.
We find this evidence sufficient to support the defendant’s conviction for driving under the influence of alcohol in violation of § 32-5A-191(a)(2).
III.
Officer Nessler observed the defendant drinking a beer in his car and driving erratically. He radioed this information to officer Thomas, who stopped the defendant after observing his car hit a curb and almost hit a stop sign. Clearly, this provided the reasonable suspicion necessary to stop the defendant. See Ex parte Yeung, 489 So.2d 1106 (Ala.1986). Officer Thomas could properly rely on and consider the information contained in the radio message he received from Officer Nessler in making the decision to stop the defendant. See Ex *921 parte Boyd, 542 So.2d 1276, 1284 (Ala.), cert. denied, — U.S. -, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); Brinks v. State, 500 So.2d 1311, 1313 (Ala.Cr.App.1986). “While an officer may rely upon a police radio broadcast to stop and arrest a suspect, the subsequent determination by any court as to whether probable cause [or reasonable suspicion] existed must turn on all the underlying circumstances giving rise to the police dispatch.” Pickett v. State, 417 So.2d 589, 593 (Ala.Cr.App.1982). Here, Officer Thomas had “a particularized and objective basis for suspecting the [defendant] of criminal activity.” Ex parte Betterton, 527 So.2d 747, 749 (Ala.1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.