TYSON, Judge.
Kenneth Ray Jones was charged with driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama 1975. The jury found him guilty as charged in the indictment and he was sentenced to 60 days’ imprisonment in the county jail. The sentence was suspended and he was placed on probation and fined $300.00.
Freddie Mayfield, an officer with the Chilton County Sheriff’s Department, testified that at approximately 10:30 on the night of May 21, 1989, he received a radio call from another officer, Hardy Cook. After receiving this call, Mayfield joined Cook at the intersection of Alabama Highway 155 and Chilton County Road 33. A few minutes after Mayfield arrived, he heard “a squealing of tires and a racing of the engine” of a vehicle. (R. 7.) It “sounded like an automobile com[ing] out onto the highway just north of where we were sitting.” (R. 7.) A few minutes later, a pickup truck drove by the officers and they made a traffic stop “[bjecause of the squealing of the tires and racing of the engine that we had heard a few ... of minutes before then.” (R. 8.)
The appellant was the driver of the pickup truck. Mayfield stated that he could smell the odor of alcoholic beverages on the appellant. Mayfield also testified that the appellant was unstable on his feet and that he had a “slight” slur to his speech. In Mayfield’s opinion, the appellant was under the influence of alcohol at this time.
Officer Cook testified that at approximately 9:30 on the night of May 21, 1989, he was sitting in his patrol car at the intersection of Highway 155 and County Road 33 when a dune buggy went through the intersection. When the driver of the dune buggy noticed Officer Cook, he turned around and proceeded “back north” (R. 25) on Highway 155 at a high rate of speed. Cook followed the dune buggy to a garage, where it stopped and the appellant exited this vehicle. Cook told the appellant to go home and “advised him not to get back on the road any more that night.” (R. 26.)
At this point, Cook made the radio call to Mayfield. When Mayfield arrived, he and Cook “heard this vehicle come out on the highway and squealing tires and just — I mean it was the way the engine sounded it was coming toward us it was running very — over the speed limit.” (R. 26.) Cook testified that he observed this vehicle driving for about a quarter of a mile before it was stopped. The following portion of the transcript occurred during the direct examination of Cook:
“Q. Would you describe the manner of his driving, please?
“A. Very erratic.
*68 “Q. Would you describe it for the jury?
“A. By the squalling of the tires and the revving of the engine Mr. Jones was driving at a very unsafe high rate of speed.” (R. 31.)
On cross-examination, Cook stated that although he could not determine how fast this vehicle was traveling, he determined it was driving too fast. After this vehicle was stopped, Cook ascertained that the appellant was the driver of this vehicle. Cook stated that he smelled the odor of alcohol on the appellant so he asked the appellant to perform a field test, which the appellant did not pass. The appellant was then placed under arrest for DUI.
I
The appellant contends that the officers did not have probable cause to stop his vehicle.
“A police officer may stop someone to investigate possible criminal behavior even though there is no probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Minnifield v. State, 390 So.2d 1146 (Ala.Cr.App.), cert. denied, Ex parte Minnifield, 390 So.2d 1154 (Ala.1980); Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App.1979).
“ ‘A peace officer may in appropriate circumstances and in an appropriate manner approach or accost a person for the purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. A policeman who lacks the precise level of information necessary for probable cause to arrest is not required simply to shrug his shoulders and allow a crime to occur or a criminal to escape, and a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.’ 6A C.J.S. Arrests Section 38 (1975).”
Spradley v. State, 414 So.2d 170, 173 (Ala.Crim.App.1982).
“ ‘Police officers may stop a vehicle for investigative purposes based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant suspicion of criminal conduct on the part of the occupants of the vehicle. The authority to stop a moving vehicle based upon less than probable cause derives from Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as applied by the Supreme Court to vehicles in Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (parked vehicle); U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) (moving vehicle); and U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).’ ”
Martin v. State, 529 So.2d 1032, 1033 (Ala.Crim.App.), cert. denied (Ala.1988).
“So, while mere suspicion, without more, is not sufficient justification for stopping a vehicle, if the officer can point to independent facts which lead to his ‘articulable and reasonable’ suspicion that the vehicle is unregistered or that its occupants have violated some law, then stopping the vehicle [is] justified under the fourth amendment.”
Ex parte Yeung, 489 So.2d 1106, 1109 (Ala.1986). See also Ala.Code, § 15-5-30 (1975).
Our review of the record convinces us that the officers had more than a mere suspicion of criminal activity when they stopped the vehicle which the appellant was driving, although the prior incident when Officer Cook encountered the appellant cannot be used to support the suspicion, since the appellant was driving a different vehicle at the time in question. The officers stopped the first vehicle that passed by from the direction from which they had just heard “the squealing of tires” and “the revving of an engine.” These sounds indicated to the officers that there was a vehicle traveling at a high rate of speed. This fact was confirmed by Officer Cook’s observation that when he saw the appellant’s vehicle it was going too fast, although he could not determine how *69 fast the vehicle was traveling. Thus, we believe that the officers here had “specific and articulable facts which, taken together with rational inferences from those facts,” justified the officers’ suspicions that the driver of the vehicle that they stopped had been violating some law. Thus, the stop of the appellant’s vehicle was lawful. See Schultz v. State, 437 So.2d 670 (Ala.Crim.App.1983), cert. denied, 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 213 (1984) (stop justified based on slow movement of vehicle in cotton field in area where there had been complaints of night hunting).
II
The appellant also contends that “the State failed to show that [he] was under the influence of alcohol to the extent that it [a]ffected his ability to operate a vehicle in a safe manner.” (Appellant’s brief, p. 5). “In a prosecution for driving ‘under the influence of alcohol’ in violation of 32-5A-191(a)(2), the prosecution must prove that the defendant had ‘consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.’ Ex parte Buckner, 549 So.2d 451, 454 (Ala.1989).” Bryant v. City of Gadsden, 574 So.2d 919 (Ala.Crim.App.1990). See also Pitts v. City of Auburn, 552 So.2d 184 (Ala.Crim.App.1989). Officer Cook testified that in the short period of time when he observed the appellant driving, the appellant was driving “too fast” and his driving was “erratic.” Both officers testified that they smelled the odor of alcohol on the appellant when he exited his vehicle after it was stopped. Mayfield stated that the appellant was unstable when he walked and that he had slurred speech. Cook testified that the appellant was unable to perform a field test when he was requested to do so. Thus, we find that the State produced sufficient evidence “to create a jury question as to whether [the appellant] had consumed alcohol and whether he had consumed such an amount of alcohol as to impair his ability to safely operate his vehicle.” Frazier v. City of Montgomery, 565 So.2d 1255 (Ala.Crim.App.1990). The appellant’s motion to exclude was properly denied. See Charles v. State, 424 So.2d 715 (Ala.Crim.App.1982) (officer’s testimony that he observed defendant speeding and driving erratically and that when defendant was stopped, the officer smelled alcohol on the defendant’s breath and noticed that the defendant- was staggering and that his speech was slurred justified denial of motion to exclude).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.