# State of Vermont v. Gilbert Bessette

[296 A.2d 179]

No. 155-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Patrick J. Leahy,* State's Attorney, and *William O. Wuester,* Deputy State's Attorney, for Plaintiff.

*Eric A. Schuppin, Esq.,* Essex Junction, for Defendant.

**Smith, J.** The defendant, Gilbert Bessette, on jury trial in District Court of Vermont, Unit No. 2, Chittenden Circuit, on August 26th and 27th, 1971, was convicted of operating a motor vehicle while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201. He has taken his appeal here from the verdict and judgment below.

Viewing the facts in the light most favorable to the State, as we are bound to do in view of the jury verdict against the defendant, the following factual situation is disclosed by the record. Defendant was stopped by State Police Officer Williamson, when observed driving on the left hand side of the road at about 2 A.M. on March 30, 1971. Defendant's vehicle was on Route 2A, the highway leading from Williston to Essex Junction.

The officer testified that the defendant was slumped in the car and that when he got out of the vehicle he staggered, his clothes were in disarray and his breath had a strong alcoholic odor. Soon thereafter, another State Police Officer arrived at the scene, and made the same observations of the appearance and behavior of the defendant. Defendant admitted he had partaken of ten drinks of one hundred proof whiskey over a period of nine hours, with several of such drinks being consumed rapidly a short time before he was stopped by the officer. It was the testimony of the officers that the defendant stated he was "bombed", or "semi-bombed". While defendant denied on the stand making such remarks, he did admit that at the time he was "mellow and happy" and was experiencing a "little glow feeling".

The defendant was taken to the State Police Barracks at Colchester and the *Miranda* warning was read to him, and the so-called implied consent law was explained to him. He agreed to submit to a breath test for alcoholic blood content, and such test was properly administered by Officer Williamson, with an Intoximeter, an analytical machine used by the Vermont State Police for such purpose. The test involves the taking of two samples of the breath of the subject given the test, with one sample being for the use of the State, and the other being preserved in the event the subject wishes to have an analysis of such sample made by his own independent expert.

The test for the State was made by Dr. Richard S. Woodruff, Forensic Pathologist and former Pathologist for the

State of Vermont. Dr. Woodruff was properly qualified as having a medical degree, and also, as one who, by study and research, was an expert in the field of alcoholic influence on human beings. He testified that the defendant had a .175 blood alcohol content at the time of the test and in his opinion was then under the influence of intoxicating liquor.

The defendant called as his expert Dr. Glen S. Forrester, a chemist, but not a medical doctor, who was the inventor of the Intoximeter, and who performed the test on the reserve sample of the defendant's breath, which he found at the time of his examination to have a .11 blood alcohol content. Defendant's first briefed argument is in connection with the testimony of Dr. Forrester, particularly to the fact that the lower court refused to allow Dr. Forrester to testify to the effects of blood alcohol on the human body, as to absorption and oxidation rates. The defendant asserts that this was error on the part of the trial court, as Dr. Forrester testified that his past experience has involved the field of blood alcohol testing and measuring its effect on human beings. The ruling of the lower court was based upon the court's opinion that, regardless of the fact that Dr. Forrester was an expert in the field of chemistry, and was the inventor of the Intoximeter, he did not possess any expertise in the field of medicine.

■ Our rule is that the competency of a witness is a preliminary one for the decision of the trial court and that we are concluded by the ruling of the trial judge unless it is made to appear from the evidence that his decision was clearly wrong. *State* v. *Gunther*, 122 Vt. 68, 74, 164 A.2d 152 (1960).

The defendant was seeking testimony from Dr. Forrester on his chemical analysis of blood alcohol during certain periods when a subject had consumed alcohol, or stopped consuming it. The evidence was undisputed that Dr. Forrester had made a number of such tests and studies, and had come to conclusions as to the absorption and oxidation of alcohol on the human body. The ruling of the court was based upon its decision that this was purely a medical question, and that the witness was not qualified as a medical doctor. The defendant insisted that it was a chemical question.

It is true that the care and treatment of the human body comes within the field of the medical practitioner, rather than

that of the chemist. But it is also true that chemistry is an indispensable aid to the medical practitioner in such fields as the testing of blood, urine, saliva and other bodily fluids and organs for the purpose of diagnosis and treatment.

The ultimate question asked by the defendant of Dr. Forrester was "Would you state the period of time, from your studies, that it takes to absorb alcohol into the blood stream?" So delineated and defined, we think the question was one that could properly be answered by Dr. Forrester, with his background and experience in the field of blood alcohol testing, as a chemical question and that the lower court was in clear error in excluding such question and answer.

The other briefed argument of the defendant has to do with the instructions given by the lower court to the jury. That instruction, to which exception was taken, is quoted below:

> "If you find by Section 1204, Title 23 V.S.A., if there was at the time of the offense, at the time of the operation of the motor vehicle, a .05 percent or less alcohol in a person's breath, it shall be presumed that he is not under the influence. If there was, at the time, a .05 percent but less than .10 percent alcohol in the person's blood, such fact would not give rise to any presumption that the Respondent was or was not operating under the influence, but may be considered with other competent evidence in determining whether or not the person was, at the time and place of the operation, under the influence. And if there was, at the time and place of operation a .10 percent or more present of alcohol in the person's breath, it shall be presumed that the person is under the influence."

The defendant's exception to this charge is that the lower court did not additionally charge that such a presumption can be set aside by evidence of the defendant that, notwithstanding a .10 percent blood alcohol content, he was not under the influence. It is the claim of the defendant that by his own witnesses, and by evidence extracted on cross-examination, he put before the jury evidence rebutting the presumption as charged by the lower court.

There is no dispute in the record before us that the defendant had over a .10 percent by weight of alcohol in his breath at the time he took the test on the Intoximeter. The expert for the State testified that the breath sample showed a .175 percent, and the expert of the defendant made a finding of .11 percent. The presumption charged by the court was in full force and effect.

We can agree with the defendant that the presence of .10 percent or more of alcohol in the breath of a person charged with driving under the influence of intoxicating liquor is a rebuttable presumption of guilt. But such presumption is a true legal presumption in the nature of evidence, and it is to be weighed as such. *Sheldon* v. *Wright,* 80 Vt. 298, 319, 67 A. 807 (1907).

> "Being a disputable presumption, it shifts to the party against whom it operates the burden of evidence. And the *prima facie* case would become the established case, if nothing further appears. The presumption points out to the party on whom it lies the duty of going forward with evidence on the fact presumed. And when that party has produced evidence fairly and reasonably tending to show that the real fact is not as presumed, the office of the presumption is performed and disappears from the arena." *Larmay* v. *Van Etten,* 129 Vt. 368, 371, 278 A.2d 736, 739 (1971). (Citations omitted.)

The defendant excepted to the charge "without a further charge to the jury that such a presumption can be set aside by evidence of the Respondent that notwithstanding a .10% blood alcohol content, he was not under the influence."

The exception, so worded, did not correctly state the law. The presumption, as we have seen, was in the nature of evidence, and could not be "set aside". But the presumption could be overcome by evidence fairly and reasonably tending to show that the real fact was otherwise than shown by the evidence of the presumption. Although perhaps ineptly worded, we think that the exception of the defendant was sufficient to inform the court that the defendant sought to have the court also charge that the presumption permitted under 23 V.S.A. § 1204 could be overcome if the jury found that the

defendant introduced evidence fairly and reasonably tending to show that the real fact was otherwise than the evidence afforded by the presumption.

It is the contention of the defendant that such evidence was introduced by him by the fact that the arresting officer testified that he was driving moderately and well within the speed limits just before the time of the arrest, including the fact that he made a stop in accordance with the direction of a stop sign. Also, states the defendant, the jury could have taken into consideration the testimony of Dr. Woodruff, the expert witness for the State, on the absorption of alcohol into the blood stream, as well as its rate of elimination, when affected by the amount of food in the stomach.

No matter what the opinion of the trial court might have been at the time of trial, or this Court might consider it to be here, as being sufficient to overcome the evidence afforded by the presumption, it was a question of fact for the jury on whether such evidence was sufficient to rebut the evidence of the presumption. The defendant was entitled to have the jury so charged, and it was error for the lower court not to have so done.

*Reversed and remanded.*