Submitted on briefs January 19, affirmed February 26, 1973

STATE OF OREGON, *Respondent, v.* THOMAS
JAMES SWARENGIN (No. 72-1665),
*Appellant.*
506 P2d 729

See

Alice M. Plymell, Eugene, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C.J.

Defendant was convicted in the district court and, following trial de novo, in the circuit court of driving a motor vehicle with more than .15 percent alcohol in his blood in violation of ORS 483.999(1).[①]

On appeal defendant contends that it was error for the circuit court to permit the arresting officer to testify concerning defendant's performance on certain manual dexterity ("field sobriety") tests at the scene of his arrest. Defendant reasons that while such evidence would be relevant in a driving-under-the-influence trial, it is irrelevant when the prosecution is for the separate offense of driving with more than .15 percent alcohol in the blood.

We hold the arresting officer's testimony relevant and admissible. While it may have little probative value, it has some tendency to support an inference that defendant's blood-alcohol level at the time of his arrest was not substantially different from his blood-alcohol level when he took a breathalyzer test about an hour later. *See, State v. Kohlasch,* 11 Or App 459, 502 P2d 1158 (1972). Even the limited probative value of this testimony is not outweighed by any possible prejudice where, as here, the jury was clearly apprised by both the instructions of the court and the arguments of both counsel that defendant was charged with driv-

---

[①] ORS 483.999(1) provides:

"Any person who drives any vehicle upon any highway of this state when that person has .15 percent or more by weight of alcohol in his blood as shown by chemical analysis of the person's breath, blood, urine or saliva made pursuant to ORS 483.634 to 483.646 shall be punished, upon conviction, by imprisonment in the county or municipal jail for not less than six days and not more than one year or a fine of not more than $2,000, or both."

ing with a blood-alcohol level of .15 percent or more, and not with driving under the influence of intoxicating liquor.

Defendant's remaining assignments of error are resolved by *State v. Kohlasch,* supra.

Affirmed.