## State of Vermont v. David Rollins

[444 A.2d 884]

No. 202-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed March 25, 1982

*David G. Miller*, Franklin County State's Attorney, and *Marianne Lipscombe*, Deputy State's Attorney, St. Albans, for Plaintiff.

*Rexford & Kilmartin*, Newport, for Defendant.

**Hill, J.** The defendant was charged with operating a motor vehicle on a public highway while there was .10% or more by weight alcohol in his blood in violation of 23 V.S.A. § 1201(a) (1).[1] It is from his conviction of that charge that he appeals. We affirm.

The incident occurred on January 25, 1980. The arresting police officer testified that he saw the defendant driving a car on Route 252 near Montgomery Center. The defendant's car encroached on the left lane, forcing the officer to pull onto the shoulder of the road. The officer turned around, caught up with the defendant, and stopped him at 7:45 p.m.

The officer testified that the defendant fumbled through his wallet while attempting to find his license. He was unsteady on his feet when he walked between his own vehicle and the police cruiser, and used each vehicle for support as he walked. The officer smelled alcohol on the defendant's breath. Believing the defendant to be intoxicated, the officer requested that he submit to a breath test. The defendant consented and was driven by the officer to the State Police Barracks, a distance of twenty-five miles. He slept on the way.

A sample of the defendant's breath was taken at 9:14 p.m. that night, and was sent to the state laboratory for analysis. The lab reported a .24% blood alcohol content.

A friend of the defendant also testified that the defendant drank at least one beer between 5:00 to 5:30 p.m. and 7:30

---

[1] The defendant was charged under 23 V.S.A. § 1201(a)(1)(1978). Subsequent to the date of the offense, the statute was amended to allow the prosecution to charge defendants with both the .10% and the driving under the influence offenses. See Act of May 14, 1981, Pub. Act No. 103, § 2, 1981 Vt. Acts 433, 434 (codified at 23 V.S.A. § 1201(a)(4) (Supp. 1981)).

p.m. The defendant was at a bar for approximately one-half hour, but the witness could not say whether the defendant drank anything at the bar. The defendant had nothing to drink between 7:30 and 7:45 p.m., the latter being the time of arrest.

A chemist, qualified by the State as an expert witness, also testified. He recounted the analysis of the defendant's breath sample, and responded to a hypothetical question concerning blood alcohol content at the time of operation. Based upon his estimate of the defendant's weight, the 9:14 p.m. test result, and the time between arrest and the test, he concluded that the defendant's alcohol content was probably above .10% at the time of operation.

On appeal, the defendant asserts five grounds for reversal. First, he asserts that the officer's testimony concerning his condition at the time of arrest should have been excluded, as it was irrelevant and prejudicial. Second, he alleges that the hypothetical question posed to the State's expert was improper. Third, he claims that the State did not offer evidence showing .10% or more alcohol in the blood by weight, as opposed to volume. Fourth, he claims that the test result is itself an inference which cannot be used as the basis for further inference. Finally, he asserts that the evidence was circumstantial, and did not exclude every reasonable hypothesis inconsistent with guilt. We deal with these objections in order.

The defendant avers that it was error for the trial court to permit the arresting officer to testify on the defendant's drunkenness. The defendant maintains that while such evidence is relevant to a driving under the influence offense, 23 V.S.A. § 1201(a)(2), it is irrelevant and immaterial for the offense of driving with more than .10% alcohol in the blood. The latter offense, according to the defendant, may be proved only by a chemical test. Evidence on insobriety prejudices the defendant by tending to prove an offense that has not been charged.

■■ This argument confuses the method of proof with the offense itself. The offense is complete upon driving with the requisite alcohol content in the blood. The blood or breath test is not an element of the crime, but a required element of the proof. See *State* v. *Clark*, 286 Or. 33, 44–45, 593 P.2d 123,

129 (1979) (in banc). Yet, to fulfill its burden of proof, the prosecution must do more than offer the requisite chemical test. The State must also establish that the .10% level existed at the time of operation. In this case, it was incumbent upon the prosecution to relate back the .24% reading from 9:14 p.m. (time of the test) to 7:45 p.m. (last time of operation). Thus, any evidence relevant to whether the 9:14 p.m. reading accurately reflected the defendant's blood alcohol level at 7:45 p.m. was not only admissible, but indispensible to the prosecution's case.

 Evidence has probative value if it tends to make the existence of the fact at issue more or less probable. *State v. Patnaude,* 140 Vt. 361, 370, 438 A.2d 402, 405 (1981). See *State v. Mecier,* 138 Vt. 149, 152, 412 A.2d 291, 293 (1980). Under this standard, the defendant's physical condition at the time of arrest was logically relevant, as it directly supported the accuracy and timeliness of the chemical test. "It can well be argued that if a person exhibited no physical signs of intoxication whatever but that the chemical test for alcohol shows a level above .10% that the test was inaccurate." 1 R. Erwin, *Defense of Drunk Driving Cases,* § 16.05, at 16–25 (3d ed. 1981). Accord, *State v. Clark, supra,* 286 Or. at 39–40, 593 P.2d at 126–27; *Denison v. Anchorage,* 630 P.2d 1001, 1003 (Alaska Ct. App. 1981). The converse is equally true— observable symptoms support the accuracy of test findings. Most importantly, the evidence tends to show that the alcohol level was elevated at the time of operation, not just at the time of the test. See *State v. Swarengin,* 12 Or. App. 290, 291, 506 P.2d 729, 729 (1973). This is a critical element of the prosecution's case. Thus, evidence on the defendant's drunkenness was probative on matters at issue in the case, and was properly admitted.

██ Of course, evidence concerning the symptoms of intoxication must be treated with care in a prosecution for driving with .10% or more alcohol in the blood. Prejudice to the defendant would result if the jury was unclear about the offense charged, and confused the .10% offense with driving under the influence. The trial court's scrupulous instruction on the elements of the offense safeguarded this defendant against any such prejudice in the trial below.

■ The remainder of the defendant's claims can be dealt with more briefly. Without citation to case law, statutes, or any other authority, he claims error on the ground that the State's expert witness used speculation and unproven facts in answering hypothetical questions. This is inadequate briefing. See *Quazzo* v. *Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978). Unfortunately, neither party has cited the controlling authorities. Under 12 V.S.A. § 1643, expert hypotheticals are proper if:

> based on the witness' personal observation, or on evidence introduced at the trial and seen or heard by the witness, or on his technical knowledge of the subject, without first specifying hypothetically in the question the data on which this opinion is based. On direct or cross-examination, such expert witness may be required to specify the data on which his opinion is based.

In construing this statute, this Court has stated: "The examiner may seek the witness' opinion on any combination of facts within the tendency of the evidence." *Marsigli Estate* v. *Granite City Auto Sales, Inc.*, 124 Vt. 95, 102, 197 A.2d 799, 804–05 (1964). The hypothetical questions offered by the prosecution clearly met this standard.

■ The expert concluded that the defendant's alcohol content in the blood was probably above .10% at the time of operation. There is no requirement that an expert offer his opinion in terms of absolute certainty. The expert noted that the defendant's blood alcohol content would have been below the legal limit at the time of operation under one circumstance: assuming the defendant had consumed a large quantity of alcohol between 7:00 and 7:30 p.m., the alcohol would not have been absorbed in his blood at 7:45 p.m., and the defendant's blood alcohol content could have been below the legal limit at the time of operation, yet produced a .24% reading at 9:14 p.m. This merely went to the weight of the evidence. Although the transcript reveals that the witness became confused under a determined cross-examination, that too only went to the weight of his testimony. These matters were for the jury, not this Court on appeal.

■ The defendant's murky contention that the breath test result is only an inference about blood alcohol content, which cannot be the basis for further inferences about the actual blood alcohol level, is also misplaced. The content of a breath sample is a physical fact that may give rise to separate, independent inferences, depending upon the level of analysis applied to the sample. No error appears in relying on the test result, which is only one of these potential inferences. See, e.g., *Ackerman* v. *Kogut*, 117 Vt. 40, 44, 84 A.2d 131, 134–35 (1951); *Gero* v. *John Hancock Mutual Life Insurance Co.*, 111 Vt. 462, 480, 18 A.2d 154, 163 (1941).

■ The defendant asserts that scientific studies demonstrate that breath tests are unreliable. There is, however, substantial authority to the contrary. See 1 R. Erwin, *supra*, ch. 18. This attack on the accuracy of the test would have been more properly addressed to the jury. See *State* v. *Magoon*, 128 Vt. 363, 367, 264 A.2d 779, 781–82 (1970); *State* v. *LaFleche*, 127 Vt. 482, 486, 253 A.2d 124, 127–28 (1969). There is ample evidence in the record to support the conclusion that the test was performed properly, and yielded an accurate result. The jury was entitled to rely on this evidence in reaching its verdict. See *State* v. *Mills*, 133 Vt. 15, 19, 328 A.2d 410, 412–13 (1974).

■ The defendant's argument that the evidence does not show a .10% or more level by weight (as opposed to volume) is flatly contradicted by the record. The report of the original test, introduced at trial, states that the defendant's blood "[c]ontains 0.24% equivalent blood alcohol wt./vol." The "weight/volume" symbol is the most common method for expressing alcohol content by weight in the blood. See 1 R. Erwin, *supra*, at § 15.04. Although the expert did not use this exact formulation each time he testified about the blood alcohol level, "it seems quite clear that the general testimony was, fairly viewed, couched in the statutory terms." *State* v. *Batchelor*, 135 Vt. 366, 367, 376 A.2d 737, 739 (1977). We conclude that the evidence is ample on this point.

■ Finally, we reject the defendant's contention that reversal is required because the evidence is circumstantial and does not exclude every reasonable hypothesis of innocence. The

sufficiency of circumstantial evidence to support a conviction is measured against the same standard as all other evidence. It will sustain a conviction if "sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981). The evidence in this case clearly surpasses that standard.

*Affirmed.*