## State of Vermont v. Gregory J. Dumont

[499 A.2d 787]

No. 84-228

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 30, 1985

*Kevin G. Bradley*, Chittenden County State's Attorney, Burlington, and *Theresa St. Helaire*, Legal Intern, Montpelier, for Plaintiff-Appellee.

*Wool & Murdoch*, Burlington, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals his conviction under 23 V.S.A. § 1201(a)(2), of driving while under the influence of intoxicating liquor, on the ground that the admission of the results of a blood alcohol content test, without evidence relating the test results back to the time of operation, was unfairly prejudicial. We agree with the defendant's position; accordingly, we reverse and remand.

After being stopped by a police officer, the defendant was taken to a police station, where, approximately one hour and ten minutes following the stop, he was given a breath test. Chemical analysis of the breath sample showed that the defendant's blood alcohol content was .13%. There was no evidence as to what the defendant's blood alcohol content was at the time he was operating the vehicle.

The trial court instructed the jury in accordance with *State* v. *Carter*, 142 Vt. 588, 458 A.2d 1112 (1983), that the test results were admitted only to corroborate the testimony of the officer that the defendant had, in fact, had something to drink. The defendant contends upon appeal that the jury could easily be confused by the admission of the test result, because it was not an element of the offense, whereas a blood alcohol content of .10 percent or more, at the time of operation on a highway, constitutes the entire offense under 23 V.S.A. § 1201(a)(1).

On several occasions this Court has discussed the relationship between 23 V.S.A. § 1201(a)(1) and 23 V.S.A. § 1201(a)(2), and the evidence relating to each. 23 V.S.A. § 1201(a)(1) prohibits the operation of a vehicle on a highway while "there is .10 per cent or more by weight of alcohol" in the blood. 23 V.S.A. § 1201(a)(2) prohibits such operation while "under the influence of intoxicating liquor."

Proof of an offense under § 1201(a)(1) requires the prosecution to produce evidence of the defendant's blood alcohol content, and to relate that content back to the time of the operation of the automobile. *State v. Rollins*, 141 Vt. 105, 109-10, 444 A.2d 884, 886 (1982). Such "relation back" testimony is necessary to establish the defendant's blood alcohol content at the time of actual operation. Evidence of the defendant's condition at the time of operation, such as an unsteady walk, slurred speech, bloodshot eyes, or an alcoholic odor on the breath, while not necessary to the prosecution's case, is admissible to corroborate the test results. *Id.* at 110, 444 A.2d at 887.

Proof of an offense under § 1201(a)(2) requires the prosecution to produce evidence of the defendant's condition at the time of operation.* *State* v. *Carmody*, 140 Vt. 631, 638, 442 A.2d

---

* The prosecution could, alternatively, rely upon the permissive presumption of intoxication from a related-back blood alcohol content test, pursuant to 23 V.S.A. § 1204(a)(3). To the extent that *State* v. *Lund*, 144 Vt. 171, 177-78, 475 A.2d 1055, 1060 (1984), might suggest the contrary, it is overruled.

1292, 1295 (1982). However, evidence of the results of a blood alcohol content test, even though not related back, is admissible to establish "the fact that defendant had consumed some amount of intoxicating liquor before being stopped." *State* v. *Carter, supra,* 142 Vt. at 592, 458 A.2d at 1115.

■ Use of chemical test results in a § 1201(a)(2) prosecution, and of evidence of the defendant's condition in a § 1201(a)(1) prosecution, will not result in prejudice to the defendant where the "trial court's scrupulous instruction on the elements of the offense" clarifies the relevance of the evidence to the particular offense charged. *State* v. *Rollins, supra,* 141 Vt. at 110, 444 A.2d at 887. However, the evidence must be relevant to the offense, V.R.E. 401-402, and that relevance must outweigh any prejudicial effect, V.R.E. 403. The fact that a chemical analysis demonstrates that the defendant did, in fact, consume intoxicating liquor is relevant to a § 1201(a)(2) prosecution. The numerical test result itself may also have some probative value on this issue, but the possibility of jury confusion is greater. A jury might erroneously use a numerical test result which has not been related back to the time of operation as evidence of actual intoxication at the time of the offense, particularly if the jury is familiar with the .10% blood alcohol content presumption established under 23 V.S.A § 1204(a)(3).

■ In view of the marginal additional probative value of the numerical result, and the danger of its misuse by the jury, expert testimony concerning the blood alcohol content test in a § 1201(a)(2) prosecution should be strictly limited to whether the test demonstrates that the defendant did, in fact, consume any intoxicating liquor. The numerical result itself should be excluded unless it is related back to the time of operation and used pursuant to the permissive presumption established at 23 V.S.A. § 1204(a)(3).

Accordingly, the defendant's conviction is reversed.

*Reversed and remanded.*