# State of Vermont v. Arthur J. Lettieri

[543 A.2d 683]

No. 86-496

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed January 15, 1988

Motion for Reargument Denied February 17, 1988

*Cecelia L. Cunningham,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Arthur J. Lettieri*, pro se, Putney, Defendant-Appellant.

**Gibson, J.** Defendant appeals from a conviction of driving while under the influence of intoxicating liquor on a public highway in violation of 23 V.S.A. § 1201(a)(2).[1] We affirm.

## I.

Among other contentions, defendant attacks the sufficiency of the evidence to support the jury's verdict. This Court has consistently held that when the evidence is conflicting, the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary. See *State* v. *Pecor*, 127 Vt. 401, 403, 250 A.2d 736, 738 (1969).

Viewing the evidence in the light most favorable to the prevailing party, as we must, see *State* v. *Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981), the record reveals the following facts. On the evening of November 11, 1985, the arresting officer observed a vehicle approaching Interstate 91. The vehicle weaved erratically across the lanes of traffic as it approached the interstate and continued to weave erratically on the ramp and on the interstate. The officer turned on his vehicle's blue lights, and defendant pulled sharply into the breakdown lane. While attempting to leave his car, defendant nearly fell. Upon the officer's request, defendant located his license and registration, meanwhile exhibiting further signs of impairment.

Defendant had difficulty in maintaining an upright position in his car seat, he fumbled in his search for his registration, held onto the car to support himself, and gave off a strong odor of alcohol. When the officer informed defendant that he was under arrest for operating a vehicle on a public highway while under the influence, defendant responded with an expletive, told the officer to drive defendant's vehicle, and walked away. The officer stopped defendant and informed him that he had to accompany the officer to the station. When the officer tried to handcuff the

---

[1] After oral argument in this case, defendant made a motion for this Court to cancel his conditions of release. Given the result in this case, this motion must be denied.

defendant, a scuffle broke out and defendant threatened to hit the officer. The officer subdued the defendant and transported him to the station.

At the station, defendant exhibited additional disruptive behavior but completed the booking process and submitted to the breath test. During this process, defendant stated that he was not ill, tired, handicapped or under the influence of any drug except the one double cocktail which he admitted drinking earlier in the evening. The arresting officer testified that in his fourteen years as a police officer and out of sixty to one hundred arrests for intoxication, defendant was one of the more impaired drivers he had encountered.

Based on an examination of the entire record, sufficient evidence exists to support the jury's verdict that defendant was operating under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2).

## II.

Defendant also objects to the jury instructions. Defendant argues that when the trial court instructed the jury under 23 V.S.A. § 1201(a)(2), charging defendant with operating a vehicle on a public highway while under the influence of intoxicating liquor, the court improperly failed to explain to the jury that he was not charged with § 1201(a)(1), which requires a determination of whether his blood contained .10 percent by weight of alcohol.[2] Given the State's emphasis at trial on the test results, defendant claims that, absent a clarifying instruction, the jury could not distinguish between the two charges. The record, however, reveals that defendant failed to register his objection with the trial court.

A claimed error in the jury instructions can be raised on appeal only if, after the delivery of the charge, the aggrieved party made a specific objection, including a clear statement of the matter to which he objects and the grounds of the objection. *State* v. *Hoadley,* 147 Vt. 49, 53, 512 A.2d 879, 881 (1986); V.R.Cr.P. 30. The purpose of this rule is to afford the trial court

---

[2] 23 V.S.A. § 1201(a)(1) and (2) provide:

 (a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway while:

  (1) there is .10 percent or more by weight of alcohol in his blood, as shown by analysis of his breath or blood; or

  (2) under the influence of intoxicating liquor; . . . .

an opportunity to correct any error or oversight it might have made in the instructions. See *State v. Morrill*, 127 Vt. 506, 510-11, 253 A.2d 142, 145 (1969); Reporter's Notes, V.R.Cr.P. 30. Because defendant made no objection to the jury instructions at trial, we will not consider this claim of error on appeal.

## III.

Defendant contends the trial court erred in requiring him to answer a question for which he lacked the requisite expertise to formulate an informed answer. The question the State asked was whether defendant had any explanation for why the analysis of his breath indicated that he had had more than one double cocktail. Defendant objected on the basis that he was not qualified to respond. When required by the court to answer, defendant stated that the test might have been incorrect because he was agitated over being arrested.

The determination of whether a person is qualified to testify is within the trial court's discretion, and this Court will not interfere unless the court's decision is clearly erroneous. *State v. Bessette*, 130 Vt. 438, 440, 296 A.2d 179, 180-81 (1972), *overruled on other grounds, State v. Dacey*, 138 Vt. 491, 496, 418 A.2d 856, 859 (1980). We find that defendant has not met this burden. V.R.E. 701 allows opinion testimony by lay witnesses if the opinion is "rationally based on the perception of the witness and . . . helpful to a clear understanding of . . . a fact in issue." The fact in issue was whether the breath test was correct. Defendant's answer was based upon his own perception. Defendant was not required to be an expert to give this answer. In fact, almost any answer by defendant could have been allowed by the court in this instance. Therefore, we find that defendant has failed to show that the court's requiring him to answer the question was clearly erroneous. See *Bessette*, 130 Vt. at 440, 296 A.2d at 180-81.

## IV.

Defendant also raises for the first time on appeal a contention that the crimper was not heated for the minimum time necessary to insure accurate breath test results. At trial, defendant objected to the admission of the test results based upon the theory that an improper foundation had been laid for admitting the test results. After further argument on this point, the court ad-

mitted the evidence. An objection made on the wrong grounds and overruled below precludes a party from making a different objection on other, tenable grounds on appeal. *State* v. *Bissonette*, 145 Vt. 381, 392, 488 A.2d 1231, 1237-38 (1985); V.R.E. 103(a). The rationale supporting this rule is consistent with the purpose of objections. An objection allows the opponent to correct the error, informs the court so it may rule intelligently and quickly on the question, and reduces the need for reversal and a new trial. *Bissonette*, 145 Vt. at 392, 488 A.2d at 1237-38. Despite the potential viability of defendant's new ground for his objection, the failure of defendant to make the objection below prevents this Court from now considering this line of attack. See 1 Weinstein's Evidence § 103[01], at 103-6, § 103[02], at 103-11 (1986).

## V.

■ Defendant further asserts that the pretrial suppression hearing order was not supported by the facts. The suppression hearing judge held that the test results, all of defendant's voluntary statements, and all of defendant's statements made after defendant was read his rights were admissible. When these statements were introduced at trial before a different judge, however, defendant did not renew his objection. This Court has held that if the trial judge did not rule on defendant's motion to suppress and defendant fails to object at trial, the trial judge has been effectively denied the opportunity to consider the grounds of objection, and we will not consider the claim on appeal. *State* v. *Senecal*, 145 Vt. 554, 558, 497 A.2d 349, 351 (1985).

## VI.

■ Finally, defendant raises several additional claims of error to which he did not object below. To justify reversal on any of the new claims of error, this Court must find plain error. *Hoadley*, 147 Vt. at 53, 512 A.2d at 881; *State* v. *Kasper*, 137 Vt. 184, 191, 404 A.2d 85, 89 (1979); V.R.Cr.P. 52(b). Upon review of the record, we can find no error in the trial court's procedures to which defendant now alleges error. Furthermore, we find no error requiring our utilization of plain error analysis as in the previous sections of this opinion.

*Affirmed. Defendant's October 27, 1987 motion to cancel conditions of release is denied.*