## State of Vermont v. Anthony J. Bushey

[543 A.2d 1327]

No. 86-466

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 26, 1988

*Deborah A. Barnard*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard*, Public Defender, Bennington, for Defendant-Appellant.

**Gibson, J.** This case involves two separate appeals. First, defendant appeals from a judgment convicting him of driving while under the influence of intoxicating liquor (DUI) and of operating a motor vehicle while his license was suspended. Second, defendant appeals a judgment by the same court that defendant had violated the conditions of his probation from two earlier convictions for similar motor vehicle offenses. We affirm both proceedings.

On March 21, 1986, defendant was processed by the Bennington Police Department for DUI in violation of 23 V.S.A. § 1201(a)(2) and for operating a motor vehicle while his license was suspended in violation of 23 V.S.A. § 674. After a trial by jury, defendant was found guilty of both offenses. The day after his conviction, a probation hearing was held before the same judge who had presided at the jury trial. At this hearing, defendant was found to have violated two probation conditions imposed for convictions in two previous motor vehicle offenses. Specifically, by pleading guilty to a charge in New York of "driving while impaired" in violation of the New York Vehicle and Traffic Law § 1192(1), defendant was found to have violated the condition that he "not be convicted of another offense," and to have violated the condition that he "not use alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself, or any other person." Defendant's DUI conviction of the previous day was not relied upon as a ground for revoking defendant's probation.

I.

Defendant alleges that the trial court erred by allowing expert testimony as to the number of drinks a person would consume based on an analysis of defendant's breath test, the results of which had not been placed into evidence. Defendant contends he was prejudiced by the admission of this evidence, because he could not adequately challenge the expert's testimony during cross-examination without running the risk of opening the door to the introduction into evidence of the numerical test result. Defendant also alleges that through this procedure the State attempted to "sidestep" the requirement that breath test results be excluded unless they are "related back to the time of operation [of a motor vehicle] and used pursuant to the permissive pre-

sumption established at 23 V.S.A. § 1204(a)(3)." *State* v. *Dumont*, 146 Vt. 252, 255, 499 A.2d 787, 789 (1985). We disagree.

The questioned evidence consisted of testimony of an expert witness for the State that he was familiar with the ratio of breath test results to the amount of alcohol consumed by an individual, and that he was able to employ it to calculate the number of drinks consumed by defendant to achieve the numerical result of defendant's breath test. The witness then testified that defendant "had somewhere between eight and nine drinks, at least." At no point was the numerical result of defendant's breath test placed before the jury.

■ We note initially that defendant failed to object to the testimony when it was admitted by the court. Therefore, in order to reverse defendant's conviction, we must find plain error. V.R.Cr.P. 52(b). See *State* v. *Hoadley*, 147 Vt. 49, 53, 512 A.2d 879, 881 (1986). The first step in plain error analysis must be to find error in the trial court's procedure. See *State* v. *Lettieri*, 149 Vt. 340, 344, 543 A.2d 683, 686 (1988). Here, we find no error.

■ The decision to admit evidence lies within the sound discretion of the trial court and will not be overturned on appeal absent a showing of an abuse of that discretion, or a showing that the court's discretion was unjustly withheld. See *State* v. *Chambers*, 144 Vt. 377, 381, 477 A.2d 974, 977 (1984). The burden is on the party alleging the abuse of discretion to show that the court acted improperly. See *State* v. *Polidor*, 130 Vt. 34, 39, 285 A.2d 770, 773 (1971). In order to be admitted, however, the evidence must be more than merely relevant, see V.R.E. 401, 402; the "evidence [still] may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." V.R.E. 403. See *State* v. *Raymond*, 148 Vt. 617, 622, 538 A.2d 164, 167-68 (1987).

Clearly, the evidence in question is relevant to the issue of whether defendant was under the influence of intoxicating liquor while he was operating a motor vehicle. While legitimate concerns exist as to the danger of misleading the jury, see, e.g., *Dumont*, 146 Vt. at 255, 499 A.2d at 789, the probativeness of the evidence outweighs these concerns. Furthermore, the danger of unfair prejudice to the defendant in the risk of improperly placing the numerical test result into evidence does not foreclose the State

from utilizing this procedure.[1] Careful cross-examination of the witness could have exposed any weaknesses in the witness' testimony without placing the numerical test result into evidence. See *State v. Rollins*, 141 Vt. 105, 112, 444 A.2d 884, 888 (1982) ("The content of a breath sample is a physical fact that may give rise to separate, independent inferences, depending upon the level of analysis applied to the sample."). Any weaknesses in the foundation of the witness' opinion went to the weight and credibility the jury chose to accord it, not to its admissibility. Defendant's failure to take full advantage of the opportunity to expose potential weaknesses in the witness' testimony does not necessitate our reversal of the trial court's admittance of this testimony, especially given the fact that defendant failed to object to the testimony at trial.

While the State may have taken a somewhat unusual approach in its use of the evidence derived from the breath test, we believe the State's procedure falls within the scope of conduct found acceptable by this Court. "[W]hile the State may be foreclosed from utilizing the actual *numerical* result [of the breath test because of a failure to relate the test result back to the time of operation], evidence that the test 'demonstrates that the defendant did, in fact, consume intoxicating liquor' may still be introduced." *State v. McQuillen*, 147 Vt. 386, 388, 518 A.2d 25, 26 (1986) (quoting *Dumont*, 146 Vt. at 255, 499 A.2d at 789) (emphasis in original). The State was following this precept by using the evidence derived from defendant's test results to demonstrate that defendant had, in fact, consumed intoxicating liquor and, as a result of this consumption, could reasonably be found to have been driving while under the influence.

We also note that the State did not attempt to apply the permissive inference of 23 V.S.A. § 1204. The State merely placed into evidence expert testimony as to the probable minimum number of drinks defendant had consumed prior to his operation of a motor vehicle in order to support a conviction of DUI under 23 V.S.A. § 1201(a)(2). The State did not attempt to show that defendant had .10% or more of alcohol in his blood while operating a motor vehicle in violation of 23 V.S.A. § 1201(a)(1). Given the

---

[1] We note that while defendant alleges prejudice by the trial court's admittance of the evidence, he makes no showing of any prejudice resulting from the court's procedure.

circumstances of the instant case, we cannot say that the trial court's admittance of the evidence, absent any objection by defendant, constituted error, plain or otherwise, or an abuse of the trial court's discretion. See *Lettieri*, 149 Vt. at 344, 543 A.2d at 686.

## II.

Defendant next contends that his conviction on a New York traffic violation of driving while impaired should not constitute a violation of his probationary condition that he not be convicted of another offense. Defendant argues that the traffic offense for which he was convicted in New York is not recognized as criminal conduct in Vermont, and, therefore, it was reversible error for the trial court to revoke his probation based on a conviction for such an offense. We disagree.

In probation revocation proceedings, the State must prove a violation of probation by a mere preponderance of the evidence. 28 V.S.A. § 302(a)(4). A "violation [of a condition of probation] or conviction shall be both a necessary and a sufficient ground for the revocation of probation." 28 V.S.A. § 303(a). The trial court acts as the sole trier of fact, and its findings shall not be reversed unless defendant can show an abuse of discretion. See *State v. Therrien*, 140 Vt. 625, 628, 442 A.2d 1299, 1301 (1982).

Defendant was convicted in New York for operating "a motor vehicle while his ability to operate such motor vehicle [was] impaired by the consumption of alcohol," in violation of New York Vehicle and Traffic Law § 1192(1). The fact that Vermont has no crime specifically denominated as driving while impaired does not necessitate reversal of the trial court's revocation of probation. Cf. *State v. Gordon*, 214 La. 822, 38 So. 2d 794 (1949) (conviction on federal offense not recognized as violation of state law sufficient to support revocation of suspension of sentence). We find that there are sufficient similarities between the New York offense and 23 V.S.A. § 1201(a)(2) that the trial court's revocation of probation is justified here. *State v. LeBeau*, 144 Vt. 315, 318, 476 A.2d 128, 129 (1984) (person considered under the influence of intoxicating liquor when he or she has lost full control over the faculties of mind and body; the measure of that loss is immaterial). Accord *People v. Coppock*, 206 Misc. 89, 90, 133 N.Y.S.2d 174, 176 (Spec. Sess. 1954) (New York standard is that a person

who has lost to any extent some of the clearness of intellect and self-control that he would otherwise possess is under the influence of intoxicating liquor). We believe that the similarities of these offenses satisfies any due process considerations accorded to defendant under either the United States Constitution or the Vermont Constitution requiring that defendant know what conduct is forbidden before his probation may be terminated by the court. See *State* v. *Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985).[2]

## III.

Finally, defendant alleges error in the trial court's finding that defendant had violated the probationary condition that he should "not use alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself, or any other person" by his conviction on the New York offense of driving while impaired. The dangers of drunk driving are so well known as not to warrant reiteration here. Defendant freely pled guilty to the New York offense of driving while impaired. Defendant posed a possible danger to the welfare of both himself and others by his operation of a motor vehicle while his ability to operate that vehicle was impaired by his consumption of alcohol. We, therefore, find no abuse of discretion by the trial court in revoking defendant's probation for violation of this condition based on defendant's conviction of the New York offense. See *State* v. *Hale*, 137 Vt. 162, 164, 400 A.2d 996, 998 (1979) (revocation of probation should be reserved for behavior that breaches its conditions after the probationary agreement is entered into).

*Affirmed.*

---

[2] We note in passing that the evidence indicated that defendant had a blood alcohol content of .14% when he was processed for the New York offense.