## State of Vermont v. Keith C. Fortier

[547 A.2d 1327]

No. 87-001

Present: **Peck, Gibson, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 29, 1988

*Robert M. Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Robert Appel,* Caledonia County Public Defender, and *Douglas Willey,* Law Clerk (On the Brief), St. Johnsbury, for Defendant-Appellant.

**Mahady, J.** Defendant was convicted after a trial by jury for the offense of operating a motor vehicle while under the influence of intoxicating liquor. His appeal presents three issues: (1) whether the trial court improperly allowed the State's chemist to testify in rebuttal as to the minimum number of drinks defendant must have consumed prior to the motor vehicle stop; (2) whether the State's chemist was properly qualified as an expert; and (3) whether defendant was unduly prejudiced by a forty-seven day delay between jury selection and trial. We affirm.

I.

Prior to trial, defendant moved to suppress the results of an analysis of a sample of his breath obtained by an officer after the stop of his motor vehicle. The trial court found that the chemist would not be able reliably to relate that result back to the time of defendant's operation of the vehicle. Applying *State* v. *Dumont,* 146 Vt. 252, 499 A.2d 787 (1985), the court ruled that the numerical result of the analysis would be excluded but the chemist would be allowed to testify that the analysis revealed the presence of alcohol. During the State's case-in-chief, the chemist testified consistently with this ruling.

Subsequently, defendant testified in his own behalf, stating that he had had three drinks prior to the time he was stopped by the officer. In rebuttal, the chemist was allowed to testify that the unrevealed analysis result indicated that defendant would have to have consumed six or seven drinks prior to the stop. Immediately after this testimony, the trial court instructed the jury that the rebuttal testimony of the chemist could be considered only with regard to the issue of the credibility of defendant's testimony.

Evidence may be admissible for one purpose but not admissible for another purpose. Under such circumstances, the court may admit the evidence provided the jury is instructed to consider the evidence only with respect to its proper scope. V.R.E. 105. See generally McCormick on Evidence § 59, at 151-52 (3d ed. 1984).

Here, the numerical result of the analysis was inadmissible simply because it was not relevant to the issue of defendant's blood

alcohol level at the time of operation. See *Dumont*, 146 Vt. at 254, 499 A.2d at 789. Once defendant testified that he had consumed only three drinks, however, the expert's conclusion that defendant would have had to consume six or seven drinks prior to operation became relevant to contradict and thereby impeach that testimony. The credibility of defendant was a matter of consequence to the determination of the action, and the chemist's testimony had a tendency to make the existence of such credibility less probable. As such, it was relevant. *State* v. *Bushey*, 149 Vt. 378, 380-81, 543 A.2d 1327, 1328-29 (1988); V.R.E. 401, 402.

Defendant attempts to rely on *State* v. *Brunelle*, 148 Vt. 347, 534 A.2d 198 (1987). There, we held that evidence obtained in violation of Chapter I, Article 10 of the Vermont Constitution could be used for impeachment purposes only under limited circumstances. *Id.* at 354, 534 A.2d at 203. Here, the original exclusion of the evidence did not result from any constitutional taint; it was simply not relevant. *Brunelle* is not on point. After defendant testified as he did, part of the analysis became relevant to rebut that testimony, and the trial court properly admitted this untainted evidence with an appropriate limiting instruction.

## II.

Upon a showing by the State that its chemist had completed a substantial number of college-level courses in chemistry, was familiar with a sizeable body of pertinent scientific literature, had actively participated in numerous research projects, and had analyzed some 4,500 breath samples, the trial court accepted the chemist as an expert witness.

"[A] witness [may be] qualified as an expert by knowledge, skill, experience, training, or education . . . ." V.R.E. 702. "The competency of an expert witness is a question to be determined by the trial court within its sound discretion." *State* v. *Bubar*, 146 Vt. 398, 402, 505 A.2d 1197, 1200 (1985). There was clearly no abuse of that discretion in this case.

## III.

The jury was selected for defendant's trial on October 3, 1986. The trial was scheduled for October 17, 1986. At the time the jury was selected on October 3, defendant agreed that there would be

no alternate jurors and that he would be willing to proceed to trial with as few as ten jurors.

In fact, the trial did not take place until November 19, 1986. One of the original twelve jurors had been excused. At that time defense counsel advised the trial judge, "based on my prior waiver, we're willing to proceed with the eleven jurors we now have."

In Vermont, juries may not be drawn in advance in felony cases. V.R.Cr.P. 23(d). In misdemeanor cases, this Court has adopted a case-by-case approach to determine whether a delay between jury selection and commencement of trial denies a fair trial. Compare *State* v. *White*, 129 Vt. 220, 226, 274 A.2d 690, 694 (1971), with *State* v. *Stevens*, 137 Vt. 473, 476, 408 A.2d 622, 624 (1979).

Here, there was a delay of forty-seven days. Defendant did not object to proceeding with the trial, and the trial judge conducted a brief voir dire immediately prior to the commencement of trial. Defendant has failed to demonstrate the existence of any intervening events which might have been capable of prejudicing the deliberative function of the jury. Based upon the totality of the circumstances, no abuse of the trial court's discretion in proceeding with the trial has been shown. See *State* v. *Dapo*, 143 Vt. 610, 612-13, 470 A.2d 1173, 1174-75 (1983).

*Affirmed.*