## STATE OF FLORIDA v BENNETT (Consolidated)

### Case No. 840723-QH, etc.

County Court, Volusia County, Florida

*September 7, 1988*

**APPEARANCES OF COUNSEL**

**Sam Easterbrook** Assistant State Attorney, for plaintiff.

**Flem K. Whited, III** for defendants.

## OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on June 16, 1988 for an evidentiary hearing on defendants' Motions in Limine Re Extrapolation. This Court finds as follows:

Defendants were charged by Florida Uniform Citations with driving under the influence in violation of § 316.193 *Fla. Stat.* (1987). Defendants each submitted to a breath test to determine their blood alcohol content.

Defendants seek in their Motions in Limine to prevent the State from eliciting any breath test evidence absent expert testimony relating test results back to the time of driving or actual physical control of the motor vehicle. The defense relies on *State v McQuillen,* 518 A.2d 25 (Vt. 1986) and *State v Dumont,* 499 A.2d 787 (Vt. 1985).

Vermont requires a numerical test result to be related back to the time of the operation of the motor vehicle. See also *McCafferty v State,* 748 S.W.2d 489 (Tex. Ct. App. 1988); *Weaver v State,* 721 S.W.2d 495 (Tex. Ct. App. 1986); and *Mullan v State,* 668 S.W.2d 427 (Tex. Ct. App. 1984). The defense has persuaded the Court in *State v Dumas,* Case No. 87-42787MM (Duval County Ct. May 16, 1988) to require expert testimony. It should be noted that the *Dumas* Court, in granting the defense motion, cited no case authority for its position.

This Court has previously address the issue raised in the instant case in *State v Bride,* Case No. 00910-11-PS (Volusia County Ct. May 2, 1988) (copy attached and incorporated herein by reference) by denying the defense motion.

Two other Florida County Courts have similarly denied similar motions as are found herein. The Court in *State v Rife,* 26 Fla. Supp.2d 64 (Dade County Ct. October 7, 1988) relying on the rationale in *State v Tischio,* 527 A.2d 388 (N.J. 1987) distinguished *State v Dumont, supra,* based on different statutory wording and held that extrapolation is not required for a breath test result to be considered by the trier-of-fact as long as said test occurs within a reasonable time after driving. See also *State v Halm,* 10 Fla. Supp.2d 23 (Monroe County Ct. January 8, 1985) certifying the issue to the Third District Court of Appeal.

Recent out-of-state decisions have also held that it is not necessary to be admissible for an expert witness to extrapolate blood alcohol results back to the time of the offense: *State v McDonald,* 421 N.W.2d 492 (S.D. 1988) (Thirty seven minutes between driving and blood test),

*State v White,* 747 P.2d 613 (Ariz. Ct. App. 1987) (One hour between driving and breath test), *Commonwealth v Slingerland,* 518 A.2d 266 (Pa. Super. Ct. 1986) (One hour twenty-three minutes between accident and blood test), and *Commonwealth v Speights,* 509 A.2d 1263 (Pa. Super. Ct. 1986) (Two hours and forty-five minutes between driving and breathalyzer test).

This Court finds, as it found in *State v Bride, supra,* in conjunction with the above and foregoing case law, that the state is not required to provide expert testimony to relate the defendant's chemical test results back to the time of driving or actual physical control of the motor vehicle prior to its admissibility in evidence.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 7th day of September, 1988.

IN THE COUNTY COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

STATE OF FLORIDA, )
 )
VS. ) CASE NO. 00910-11-PS
 )
DONA MARIA BRIDE, )
 )
 Defendant. )
_____)

## O R D E R

THIS CAUSE having come before the Court on April 8, 1988 for a hearing on Defendant's Motion in Limine seeking to prohibit the State from eliciting testimony or making any comments about a chemical breath test administered to the defendant and the Court having considered stipulated facts and heard argument, finds as follows:

The defendant was charged by Florida Uniform Tratfic Citation on November 28, 1987 with driving under the influence in violation of s. 316.193 Fla.Stat. (1987). The parties at the hearing on defendant's motion stipulated to the existence of Intoximeter 3000 tests of defendant's breath to determine blood alcohol content two hours and eleven minutes and two hours and thirteen minutes after driving. Defendant's motion indicates that the blood alcohol content at the times of testing was .18. Defendant's motion alleges that the two breath tests do not tend to prove or disprove any material allegation of the change and are thus irrelevant under s. 90.401 Fla.Stat. (1987) and are not admissible under s. 90.402 Fla.Stat. (1987). No testimonial evidence was elicited at the hearing.

This Court makes the common sense assumption that, at some point, a breath test to determine blood alcohol content at the time of driving becomes too remote to constitute relevant evidence. The issue is when does this occur.

There appears to be no reported decision in Florida specifically dealing with the issue herein. Courts in other states have addressed the issue. The Court in State v. Gallant, 227 A.2d 597 (N.H. 1967) was faced with the fact that a blood sample was taken from defendant one hour and one half to one hour and forty minutes after Gallant was arrested for driving under the influence. A defense called physical testified that said test would be unreliable and would not indicate the amount of alcohol in the defendant's blood at the time of driving.

The New Hampshire Supreme Court held that absent statutory time restrictions, the fact that the test could not or was not done immediately after the driving does not render it inadmissible. The Court cited other reported decisions where the lapse of time ranged from one hour to four hours. The Court did note that while there may be extraordinary circumstances where the alcoholic content in defendant's blood would be lower at the time of arrest than when the sample was taken, any delay goes to the weight of the evidence and not to its admissibility. See also State v. George, 336 S.E.2d 93: (N.C. Ct. App. 1985) (Four hour seventeen minute delay).

Pennsylvania is in accord. The facts in Commonwealth v. Tylwalk, 393 A.2d 473 (Pa.Super.Ct. 1978) show that a hit and run accident resulting in the death of one pedestrian and injury to another occurred at approximately 12:15 a.m.. Chemical tests were not performed until approximately 4:30 a.m. (four hours and fifteen minutes after driving and two an one half hours after arrest). The trial court suppressed the results of the tests stating they were too remote in time and place from the accident.

The appellate court citing Commonwealth v. Trefry, 375 A.2d 786 (Pa. Super Ct. 1977) (One hour thirty-eight minute delay) reversed the lower court and restated their previous holding:"At trial, the results of a test, as indicative of intoxication at a relevant point in time, may be attacked or contradicted by any competent evidence. The weight to be accorded test results thus properly rests with the finder of fact".

The Court noted that it was the norm rather than the exception, at least in an accident case, that some time passes between the accident and the chemical testing. The purpose of the chemical testing statute has been to facilitate the acquisition of chemical analysis and to permit their utilization in legal proceedings. It would appear that our relevant statutes have the same purpose. The defense can always introduce any other competent evidence bearing upon the question in issue.

The defense in State v. Bence, 627 P.2d 1343 (Wash. Ct. App. 1981) alleged that there was insufficient evidence on the record to warrant an under the influence presumption because the prosecution presented no expert witness qualified to tell the jury what the test recording meant in terms of the defendant's blood alcohol content or his sobriety or lack thereof approximately an hour before the test was taken. The Court ultimately held that a breathalyzer test administered an hour after

**55**

the accused stopped driving may be considered as circumstantial evidence that has blood alcohol content was at that level (or higher) while he was driving. The Court stated, "Whatever theoretical inaccuracies may impact this rule in any given case can best be resolved by appropriate cross-examination of prosecution witnesses or presentation of defense testimony and by appropriate argument to the finder of fact". Cf. State v. Armstrong, 689 P.2d 897 (Kan. 1984).

The Court in State v. Rollins, 444 A.2d 884 (Vt. 1982) found that the officer's observations of defendant's physical condition gave a chemical test given one hour and twenty-nine munutes after driving logical relevancy.

Courts in states which statutorily have a two hour time limitation requiring the chemical test be taken within two hours after the person accused is apprehended still permit admission of chemical test results. The giving of statutory presumptions of alcohol influence are merely precluded, see State v. Moon, 436 A.2d 420 (Md. Ct. App. 1981) and Barber, v. Curry, 319 N.E.2d 367 (Ohio Ct. App. 1974).

Other courts have looked to the legislative intent in the enactment of driving under the influence and related statutes to determine time delay consequences and the necessity of expert testimony to relate the test back to the driving. The Court in State v. Tischio, 527 A.2d 388 (N.J. 1987) noted that New Jersey's Driving Under the Influence Statute expressly contemplates the administration of a breathalyzer test to determine blood alcohol concentration. Florida likewise in s. 316.193 (1)(b) Fla.Stat. (1987) expressly contemplates the administration of a chemical test.

Although New Jersey or Florida's statute does not refer to the time of testing, it is obvious that a [chemical] test cannot be administered while a defendant is driving his motor vehicle. The chemical test can thus never coincide with the defendant's driving. The Tischio court specified two possible statutory interpretations:

> (1)...[A] .10% blood-alcohol level determined by a breathalyzer test made within a reasonable time of the defendant's operation [of a motor vehicle] alone satisifed the statute
>
> or
>
> (2)...[S]ome evidentiary process—not discernible on the face of the statute—must be invoked to relate breathalyzer test results to the time when the defendant was actually driving.

56

The *Tischio* court noted that their "drunk driving statute must be given pragmatic and flexible interpretations necessary to effectuate the Legislature's regulatory aims, while honoring the due process limitations necessarily attendant upon the law's penal sanctions". The primary purpose behind the New Jersey Statute "is to curb the senseless havoc and destruction caused by intoxicated drivers". Florida's purpose seems to be identical. The Court in *State v. Bender*, 382 So.2d 697 (Fla. 1980) stated, "The overall purpose of this chapter [322] is to address the problem of drunk drivers on our public roadways and to assist in implementing section 316.193 which provides that driving while intoxicated is unlawful".

The New Jersey and Florida legislature have sought to streamline the implementation of laws relating to driving under the influence and to remove obstacles impeding the efficient and successful prosecution of those who drink and drive. See for example the statutory presumptions contained in s. 316.1934(2) *Fla.Stat.* (1987) and the similar New Jersey statute. It would appear that the primary purpose of the statute was and is to minimize or eliminate the necessity of state expert testimony as to the effect of that percentage of alcohol upon the defendant's ability to drive.

The Florida Supreme Court specifically stated:

> When the prosecution presents testimony in evidence concerning motor vehicle driver intoxication which includes an approved alcohol test method by a properly licensed operator, the fact finder may presume that the test procedure is reliable, the operator is qualified, and the presumptive meaning of the test as set forth in section 322.262(2) is applicable. The test results are admissible into evidence only upon compliance with the statutory provisions and the administrative rules enacted by its authority. *Gillman v. State*, 373 So.2d 935 (Fla. 2d DCA 1979); *State v. Wills*, 359 So.2d 566 (Fla. 2d DCA, 1978). The presumptions are rebuttable, and a defendant may in any proceeding attack the reliability of the testing procedures, the qualifications of the operator, and the standards establishing the zones of intoxicant levels. In addition, other competent evidence may be presented to rebut the presumptions concerning whether the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.

The Court in *Hall v. State*, 440 So.2d 689 (Fla. 1st DCA 1983) found, absent expert testimony, a rational connection between the fact proven (that Hall's blood alcohol level was 0.14%) approximately one hour and twenty minutes after the arrest and the ultimate fact presumed (that Hall was under the influence of alcoholic beverages to the extent that

his normal faculties were impaired (at the time of driving]). The court noted that Hall was not denied an opportunity to rebut the state's prima facie case.

The Tischio court could find no rational reason why prosecution of these individuals must depend upon the entirely fortuitous circumstances of the time they were apprehended by the police.

The Court in People v. Kozar, 221 N.W.2nd 170 (Mich. Ct. App. 1974) also held that in the absence of clear statutory language requiring the need for expert testimony to interpret test results, expert testimony is not necessary to relate test results back to the time of the alleged offense. The court did not preclude the introduction and use of expert testimony, presumably on the defense's part. Interpretation of chemical test results could be accomplished by this expert testimony and cross examination. Nebraska, Minnesota, North Dakota, Missouri, North Carolina, New Jersey, and New York were cited as being in accord.

This Court finds, based on the above and foregoing reasonable caselaw that the state is not required to provide expert testimony to relate the defendant's chemical test results back to the time of driving. The court cannot make a determination absent (expert) evidence as to whether the chemical test results in the instant case are irrelevant without knowing the outside limit of relevancy. The defense has not presented the court with any such evidence. She has failed to carry her burden as to the Motion in Limine and as such the motion is denied.

This Court pursuant to the entry of a plea based on the instant and dispositive ruling and 9.160 certified the following questions to be of great public importance.

 I. Must the state introduce expert testimony to relate chemical tests back to the time of driving.

 II. Absent a determination by a trial court pursuant to competent evidence that a chemical test given subsequent to driving is irrelevant and not admissible pursuant to s. 90.401 and s. 90.402 Fla.Stat. (1987), i.e., too remote, is it the legislature's or the Department of Health and Rehabilitative Services' responsibility to establish any applicable bright line time limitation?

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this _2d_ day of May, 1988.

SHAWN L. BRIESE
COUNTY JUDGE

copies to:
Craig Boda, Esquire
Rosemary Calhoun, Asst. State Attorney
Sgt. W. Patton, Volusia County Sheriff's Department
Deputy J. Whitaker, Volusia County Sheriff's Department