## STATE of Vermont v. Floyd W. DUPREE

[559 A.2d 693]

No. 85-179

March 24, 1989. Defendant was convicted after court trial of driving under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). He raises two claims on appeal. We find that neither claim has merit, and affirm the judgment.

First, defendant claims that the State chemist failed to relate his finding of .18 percent blood alcohol content (BAC) back to the time of operation of the vehicle, allegedly forty-five minutes prior to the submission of the breath sample from which defendant's BAC was calculated. In *State* v. *Dumont*, 146 Vt. 252, 255, 499 A.2d 787, 789 (1985), this Court reversed a conviction after a jury trial where the State failed to relate a .13 BAC test result back to the time of operation: "The numerical result itself should be excluded unless it is related back to the time of operation . . . ." The rationale of the *Dumont* decision, however, was the potential prejudicial effect on the jury of the numerical evidence, "the danger of its misuse by the jury." *Id.* There is no such danger where trial was had by court. Here the trial judge specifically stated in his order that no inference of defendant's BAC at the time of operation could be drawn from the evidence. The evidence was used by the trial judge for permissible purposes: "The reading simply corroborates [the officer's] observation of clinical symp-

toms that the defendant had consumed alcohol . . . ." There is no error.

Second, defendant challenges the stop of defendant's car as unconstitutional. Defendant was stopped because one of his headlights was burned out. The stop was permissible, since the officer had reasonable grounds to believe that a motor vehicle violation, driving at night without two functional headlights in violation of 23 V.S.A. § 1243(a), was taking place. See *State* v. *Hewey*, 144 Vt. 10, 13, 471 A.2d 236, 238 (1983) (stop permissible where officer had "reasonable suspicion when he stopped the car" of a violation). The propriety of the stop is not affected by the fact, emphasized by defendant, that the officer was participating in a roving patrol for DUI drivers at the time.

*Affirmed.*